**UNITED STATES of America, Plaintiff,**

v.

**William P. BAILEY, Defendant.**

**Cr. A. No. 90–CR–191.**

United States District Court,
D. Colorado.

March 22, 1991.

John M. Hutchins, David Gaouette, Asst. U.S. Attys., Denver, Colo., for plaintiff.

James L. Anderson, Lakewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant William P. Bailey (Bailey) moves for release pending appeal under Fed.R.App.P. 9(b). Bailey has not shown that he is not likely to flee, that his appeal raises a substantial question, and that there are exceptional reasons why detention is not appropriate. Therefore, his motion must be denied.

Bailey is serving a five year prison sentence imposed after he pled guilty to one count of possession with intent to distribute 100 grams or more of methamphetamine and one count of using or carrying a firearm in relation to drug trafficking. He is appealing my denial of his motion to withdraw the guilty plea and now seeks release pending appeal.

Fed.R.App.P. 9(c) states that "[t]he decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. § 3143." The Crime Control Act of 1990 (the Act), Pub.L. No. 101–647, 104 Stat. 4789 (1990), amended the rules relating to release pending appeal, including section 3143. The amendments are applicable to this motion because the Act was enacted on November 29, 1990. *FDIC v. British–American Corp.*, 755 F.Supp. 1314 (E.D.N. C.1991).

The Act added to section 3143(b) the following:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Section 3142(f)(1)(C) covers:

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.).

Bailey pled guilty to two counts, one of which was violation of 21 U.S.C. § 841. This section is part of the Controlled Substances Act and carries a maximum term of imprisonment of 40 years. It thus falls within the confines of section 3142(f)(1)(C). Accordingly, under section 3143(b)(2), Bailey must be detained.

However, the Act also added the following to 18 U.S.C. § 3145(c):

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Section 3143(b)(1), the section on release pending appeal, requires one seeking release to show:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community ...; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result· in [reversal, an order for an new trial, or a reduced term of imprisonment].

Thus, to obtain release Bailey must show: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; (2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in an order for a new trial; and (3) by clear and convincing evidence that there are exceptional reasons why such person's detention would not be appropriate. Bailey has not met any of the three requirements.

First, notwithstanding that Bailey complied with the provisions of his presentence bond, he has not shown clearly and convincingly why he is not now a flight risk. The denial of has motion to withdraw his guilty plea and the imposition of sentence heightens the risk of flight. Reliance on presentence compliance with bond conditions, alone, does not meet the statutory burden.

Next, although I am satisfied that the appeal is not for the purpose of delay, Bailey has not shown that the appeal raises a substantial question of law or fact. A substantial question is " 'a close question or one that very well could be decided the other way.' " *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)). Here, Bailey has the difficult burden of showing abuse of discretion in denying the motion to withdraw his guilty plea. *See United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1079, 112 L.Ed.2d 1184. He has failed to reveal any facts or misapplication of law that make the denial a "close" question when viewed under an abuse of discretion standard.

Finally, Bailey has failed to clearly show exceptional reasons why detention would not be appropriate. His brief and the record are bereft on this point.

Accordingly, it is ORDERED that Defendant's Motion for Release Pending Appeal is DENIED.