**UNITED STATES of America**

v.

**Joseph DiSOMMA, Defendant.**

**No. SS 90 Cr. 428 (MGC).**

United States District Court, S.D. New York.

Aug. 1, 1991.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City by James B. Comey, for U.S.

Joann Harris, New York City, for defendant Joseph DiSomma.

## OPINION AND ORDER

CEDARBAUM, District Judge.

On May 23, 1991, following an eight-week jury trial with six co-defendants, Joseph DiSomma was acquitted of mail fraud, RICO, and RICO conspiracy charges and convicted of one count of conspiracy to rob a jewelry store in violation of the Hobbs Act, 18 U.S.C. § 1951. I have denied DiSomma's motion for a judgment of acquittal under Fed.R.Crim.P. 29, and he is awaiting sentence. DiSomma now seeks bail pending sentence or appeal under 18 U.S.C. §§ 3143 and 3145(c).

Section 3143 imposes stringent requirements for release pending sentence of persons convicted of crimes of violence. It also mandates detention of such persons pending appeal. Both sides agree that DiSomma cannot be released under § 3143 because conspiracy to rob is a crime of violence and DiSomma can be released on bail only if his application falls under the exception authorized by § 3145(c). That provision requires a clear showing of "exceptional reasons" for release. 18 U.S.C.A. § 3145(c) (West Supp.1991). Section 3145(c) also requires that the person seeking release meet the conditions set forth in § 3143(a)(1) or (b)(1), which I will consider first.

Under § 3143(a)(1), a person awaiting imposition or execution of sentence may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released...." 18 U.S.C.A. § 3143(a)(1) (West Supp.1991). The Government has stipulated that DiSomma meets this condition.

Under § 3143(b)(1), a person who has filed an appeal or a petition for a writ of certiorari may be released if the judicial officer finds that the person is not likely to flee or pose a danger to any other person or the community and:

(B) ... the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal[.]

18 U.S.C.A. § 3143(b)(1) (West Supp.1991). DiSomma will meet these conditions for release when his appeal is filed. DiSomma's appeal will raise a substantial question of law likely to result in reversal. DiSomma argued in his motion for acquittal, and will argue on appeal, that a reasonable juror could not conclude beyond a reasonable doubt that DiSomma conspired to commit robbery, as distinguished from burglary or larceny. DiSomma argued that the evidence was insufficient to show that he conspired to use "actual or threatened force, or violence...." 18 U.S.C.A. § 1951(b)(1) (West 1984). Although I denied DiSomma's motion for acquittal, the evidence supporting conviction was not overwhelming, and DiSomma raised a substantial question of law. If successful, DiSomma's appeal on this issue would result in reversal of his only conviction.

DiSomma may be released under 18 U.S.C. § 3145(c) "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C.A. § 3145(c) (West.Supp. 1991). The meaning of "exceptional reasons" in this new statute appears to be an issue of first impression.

Neither § 3143 nor § 3145 defines "exceptional reasons." The ordinary meaning of "exceptional" is "being out of the ordinary," "uncommon," or "rare." *Webster's Third New International Dictionary* 791 (1986) (unabridged).

The parties have offered as the only legislative history of the exception authorized

by § 3145(c) a letter from Carol Crawford, an Assistant Attorney General in the Justice Department's Office of Legislative and Intergovernmental Affairs, to Senator Paul Simon, the sponsor of the bill that amended § 3143 to provide for mandatory detention. The letter states that the Justice Department generally supports the bill but has concerns "about the mandatory nature of the proposed amendment" to § 3143. The letter then suggests that some provision be made for exceptions:

> While confinement will be the proper result in the vast majority of cases of persons convicted for crimes of violence and serious drug offenses, there may be rare instances in which release, under appropriate conditions, would be proper. For example, suppose a situation in which the convicted defendant does not pose either a danger to the community if released or a risk of flight, and in which the appeal raises a substantial question of law (e.g. an elderly man convicted under 18 U.S.C. [§] 1111 of the mercy killing of his spouse, who has lived in the community all his life without prior incident, and who is challenging the applicability of the federal murder statute to mercy killings, a question of first impression in the circuit). In such a case, release pending appeal or sentence might be a suitable disposition, and detention an unduly harsh remedy. The same might be true of even a convicted drug dealer who, because of wounds incurred during his capture, was temporarily incapacitated and thus not likely to commit further crimes or to flee, and whose appeal raised a novel and difficult search or seizure question on which the conviction will stand or fall.

Letter from Carol T. Crawford to the Honorable Paul Simon, at 2 (July 26, 1989) (hereafter, "Crawford Letter").

DiSomma's application presents, in the language of Assistant Attorney General Crawford's letter, "a situation in which the convicted defendant does not pose either a danger to the community if released or a risk of flight, and in which the appeal raises a substantial question of law...." As in the examples given in that letter, DiSomma's appeal will raise an issue on which his only conviction will stand or fall.

The unusual circumstance clearly shown by DiSomma is that the very element of his conviction about which he raises a substantial issue makes him ineligible for release under § 3143(a)(1) and (b)(1). Whether the evidence at trial was sufficient to prove beyond a reasonable doubt that DiSomma conspired to commit robbery, an essential element of which is the use or threatened use of violence, as distinguished from larceny or burglary, is the issue on which his motion for a judgment of acquittal was grounded and on which his conviction will stand or fall on appeal. It appears to me to be an exceptional reason for release that the substantial issue raised by DiSomma about his conviction—the element of violence—is the very element of his conviction that prevents his release under § 3143.

The Government argues that DiSomma should not be eligible for release under § 3145(c) because his situation differs from the examples in Assistant Attorney General Crawford's letter. Although DiSomma's situation is not identical to either of those examples, it is nonetheless exceptional. The example of the elderly man convicted of a mercy killing under 18 U.S.C. § 1111 is exceptional because he raises "a question of first impression in the circuit." Crawford Letter, at 2. The example of the temporarily incapacitated drug dealer is exceptional because his appeal "raise[s] a novel and difficult search or seizure question...." *Id.* However, the language of § 3145(c) does not suggest that a person convicted of a crime of violence is required to raise a novel issue in a motion for acquittal or on appeal. Indeed, the reference in § 3145(c) to § 3143(b)(1) appears to incorporate the requirement in that provision that an appeal raise a substantial question of law or fact. Section 3145(c) says only that there must be "exceptional reasons." A motion for acquittal or an appeal that raises a novel issue may be one such reason, but nothing in the language of § 3145(c) suggests that it would be the only such reason.

Therefore, DiSomma and the Government are directed to submit proposed orders for DiSomma's release on bail.

SO ORDERED.