**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samantha CARR, Darlene Hunter, and
Joseph Robinson, Defendants–
Appellants.**

**No. 91–3877**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1991.

Robert Glass (Court-appointed), Glass & Reed, New Orleans, La., for Darlene Hunter.

Milton P. Masinter, New Orleans, La., for Samantha Carr and Joseph Robinson.

Peter G. Strasser, Michael E. McMahon, Asst. U.S. Atty., Harry Rosenberg, U.S. Atty., New Orleans, La., for the U.S.

Before GARWOOD, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

## I.

A jury convicted Samantha Carr and Darlene Hunter of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. This offense carries a maximum penalty of forty years. 21 U.S.C. §§ 846, 841(b)(1)(B). Carr and Hunter are scheduled to be sentenced on December 11, 1991. Both women were on release for the two years pending their trial, it having been determined before trial that neither was a flight risk nor a danger to the community.

The district court denied release pending sentencing under 18 U.S.C. § 3143(a)(2). This provision mandates, inter alia, detention pending sentencing of persons convicted of Title 21 violations for which the maximum sentence is at least ten years when there is no showing that a motion for a new trial or acquittal will likely be granted. Defendants now appeal.

## II.

■ Defendants' first argument is that although the offense involved here is a Title 21 offense for which a maximum of at least ten years is prescribed, § 3143(a)(2) should not mandate detention because there is no realistic exposure of these defendants to a sentence of ten years under the sentencing guidelines. Section 3143(a)(2), however, does not refer to the sentencing guidelines in determining which defendants must be detained. Instead, it refers to persons convicted of crimes listed under § 3142(f)(1), which includes Title 21 offenses carrying a maximum term of imprisonment of ten years or more. The fact that the defendants might not receive a sentence of ten years under the sentencing guidelines is irrelevant.

■ Defendants also contend that the district court erred by refusing to consider granting relief under the "exceptional reasons" clause of 18 U.S.C. § 3145(c). This provision states that "a person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The district court ruled that § 3145 was inapplicable "since the court itself has ruled on the motion for bond pending sentencing." The district court was apparently under the impression that the "exceptional reasons" clause of § 3145(c) applies only to appeals from initial detention orders.

Section 3145(c) is confusing because it is entitled "appeal from a release or detention order." At the same time, the language of the sentence included in § 3145(c) is direct. It states that "the judicial officer" may order release if certain conditions are met and there are exceptional reasons why detention would be inappropriate. This sentence was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions. See Crime Control Act of 1990, P.L. No. 101–647, § 902, 104 Stat. 4826, 4827 (1990). Section 3143(a)(2) and (b)(2) use the term "judicial officer" when referring to the individuals initially ordering such mandatory detention. Furthermore, at least two district courts have applied § 3145(c) in the first instance. *United States v. DiSomma*, 769 F.Supp. 575 (S.D.N.Y.1991); *United States v. Bailey*, 759 F.Supp. 685 (D.Colo.), *aff'd*, 940 F.2d 1539 (10th Cir. 1991). We see no reason why Congress would have limited this means of relief to reviewing courts. Thus we conclude that the "exceptional reasons" language of § 3145 may be applied by the judicial officer initially ordering such mandatory detention, despite its inclusion in a section generally covering appeals.

We must therefore remand to the district court to consider whether the defendants meet the conditions for release set forth in § 3143(a)(1) or (b)(1) and whether there are "exceptional reasons" why their detention

would be inappropriate under § 3145(c). We express no opinion regarding defendants' likelihood of success.

AFFIRMED in part; REMANDED in part for further proceedings.