**UNITED STATES of America**

v.

**Robert A. BLOOMER, Jr.**

**Crim. No. 91–82.**

United States District Court,
D. Vermont.

May 13, 1992.

---

David V. Kirby, Asst. U.S. Atty., Burlington, Vt., for plaintiff.

David A. Gibson, Brattleboro, Vt., William Hunter, Ludlow, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

Hearing was held on the matter of defendant's release pending sentencing on May 8, 1992, pursuant to the Order of the Second Circuit Court of Appeals remanding the case with instructions to reconsider the Government's motion to detain and to apply 18 U.S.C. § 3143(a)(2).

Following conviction by jury of six offenses relating to the manufacture and distribution of methamphetamine, we continued the defendant on bail pending sentencing. We ruled that the mandatory detention statute, 18 U.S.C. § 3143(a)(2) and (b)(2), does not apply until the court enters a judgment of conviction, an event which occurs at sentencing.

The Court of Appeals disagreed, ruling that § 3143(a) applies to a defendant immediately upon the return of a jury verdict finding him guilty. Further, the court explained that we were required to detain defendant, pursuant to § 3143(a)(2), unless we found by clear and convincing evidence that defendant is not likely to flee or pose a danger to the community, § 3143(a)(2)(B), and unless we found that there was a substantial likelihood that a motion for acquittal or new trial will be granted, § 3143(a)(2)(A)(i), or an attorney for the Government had recommended that no sentence of imprisonment be imposed, § 3143(a)(2)(A)(ii).

Since the Government has made no recommendation that we avoid imposition of a sentence of imprisonment, we need not have addressed § 3143(a)(2)(A)(ii). However, while we did make findings concerning defendant's threat of flight and danger to the community pursuant to § 3143(a)(2)(B), we made no findings with respect to § 3143(a)(2)(A)(i). That is, we did not address whether there exists a substantial likelihood that a motion for acquittal or new trial will be granted. We now address this issue.

Defendant alleges that a substantial likelihood exists that his motion for acquittal or new trial will be granted entitling him to release pending sentencing and he presents manifold reasons in support of his claim. Suffice it to say that, in our Order dated May 12, 1992, we denied defendant's motion for judgment of acquittal or, in the alternative, a new trial because the issues raised in his motion were the selfsame issues raised at trial which we rejected as meritless at the time. Thus, because defendant's motion for acquittal or new trial has been denied, defendant cannot surmount the threshold posed by

§ 3143(a)(2)(A)(i), and, accordingly, must be detained pending sentencing.

Notwithstanding the criteria for release pending sentencing set forth in § 3143(a)(2)(A)–(B), defendant argues that 18 U.S.C. § 3145(c) compels his release. That subsection, entitled "Appeal from a release or detention order," provides that an appeal from a release or detention order is governed by the rules of appellate procedure, specifically 28 U.S.C. § 1291 and 18 U.S.C. § 3731, and shall be determined promptly. *Id.* It provides further, in relevant part, that

> [a] person subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions or release set forth in section 3143(a)(1) ... may be ordered released ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*Id.*

■ Defendant claims that, under *U.S. v. DiSomma*, 951 F.2d 494 (2nd Cir.1991), he is entitled to proffer exceptional reasons to this court compelling his release pursuant to § 3145(c). He maintains that his close relationship with his step-daughter, his stabilizing influence on his wife and support of his family, his aid to an unrelated family of which the father is separated on account of illness, his medical condition (Bell's palsy), and his position as mechanical engineer for the West Rutland water distribution system, amount to exceptional reasons of the type contemplated by § 3145(c).

While it is unclear whether any formal order of release or detention was actually issued from this court which might now be appealed in the light of our prior ruling that § 3143(a) did not become applicable until we entered a judgment of conviction, we nevertheless treat the continuance of defendant's bail as an order of release for the purposes of this matter. Furthermore, defendant having been released, it appears he has no standing to proffer prospectively exceptional reasons under § 3145(c). Nonetheless, we here consider his proffer. Moreover, albeit we think that § 3145(c) by its very provisions applies exclusively to reviewing courts and not to the court which initially ordered release or detention, we are required to follow *DiSomma*[1] and therefore to entertain defendant's claim.

These concerns aside, we feel defendant has not demonstrated exceptional circumstances warranting his release. We understand that to qualify as "exceptional," the reasons put forward by defendant need not present an "absolute legal novelty"; an "unusual legal or factual question can be sufficient" as can a "substantial question ... in the presence of one or more remarkable and uncommon factors." *DiSomma*, 951 F.2d at 497. In our discretion, we feel that the reasons proffered by defendant, though unfortunate, are not exceptional. Rather, we think reasons similar in gravity to those presented by defendant attend most instances in which a defendant's detention is at issue. Thus, we do not find exceptional reasons which would compel us to order defendant to be released pending sentencing.

Therefore, it is hereby ORDERED that defendant shall be DETAINED. Defendant shall SURRENDER to the United States Marshall or to a designated institution by 2:00 P.M., June 2, 1992. In the event appeal is taken from this Order, the

---

**1.** The Second Circuit in *DiSomma* followed the Fifth Circuit's decision in *U.S. v. Carr*, 947 F.2d 1239 (1991) which, in turn, relied substantially on the district court's decision in *U.S. v. DiSomma*, 769 F.Supp. 575 (S.D.N.Y.1991) (Cederbaum, J.) (applying § 3145(c) in the first instance). This circle of decisions, however well-intentioned, reflects a certain circularity of reasoning inherent in the Second Circuit's decision and suggests the runic quality of § 3145(c).

Nevertheless, we can understand why Judge Cederbaum applied § 3145(c) in the first instance. Since § 3145(c) requires a showing of exceptional reasons separate from the showing required by § 3143(a) and (b) and an appellate court generally cannot review matters of fact, there could be no record for a reviewing court's consideration. Thus, it seems, a district court is itself impelled to determine the appeal, since, as a factual matter, a showing of exceptional reasons is the exclusive province of the lower court.

Order of Detention and Surrender is stayed.

SO ORDERED.