972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Sidney WEINER, Defendant, Appellant.
 No. 92-1708.
 United States Court of Appeals,
First Circuit.
 July 31, 1992
 
 Appeal from the United States District Court for the District of Massachusetts
 Harry C. Mezer, Stephen R. Delinsky and Eckert, Seamans, Cherin & Mellott on Motion for Stay and Release on Bail Pending Appeal, for appellant.
 A. John Pappalardo, United States Attorney, Todd E. Newhouse and Ernest S. Dinisco, Assistant United States Attorneys, on Opposition to Motion for Stay and Release on Bail Pending Appeal, for appellee.
 D.Mass.
 REMANDED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 This is a motion for bail pending appeal. In February 1992, defendant Sidney Weiner was convicted of RICO conspiracy, 18 U.S.C. § 1962(d), a substantive RICO violation, 18 U.S.C. § 1962(c), and three counts of conspiracy to collect an extension of credit by extortionate means, 18 U.S.C. § 894. In April, he was sentenced to a prison term of two years. Having earlier been released on bail pending trial and sentencing, defendant then moved for bail pending appeal. The district court summarily denied the motion, and defendant renewed his motion in this court. We remanded the matter for submission of a statement of reasons supporting the denial of bail, see Fed. R. App. P. 9(b), and stayed defendant's sentence pending further order. Having now received the district court's reasons, we deny the motion for release and vacate the stay of sentence.
 
 
 2
 It is clear that defendant is subject to mandatory detention under 18 U.S.C. § 3143(b)(2). With one exception discussed infra, that provision requires that any person convicted of, inter alia, a "crime of violence" be detained pending appeal. A crime of violence is defined as follows:
 
 
 3
 (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 4
 (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 5
 18 U.S.C. § 3156(a)(4). The district court found, and defendant does not seriously dispute, that each of the offenses here falls within this definition. As mentioned, defendant was convicted on three counts of conspiracy to collect extensions of credit by extortionate means; these offenses also formed the predicates for the two RICO convictions. And an "extortionate means" is defined as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(7).
 
 
 6
 As such, defendant is entitled to bail pending appeal only if he can: (1) establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community, 18 U.S.C. § 3143(b)(1)(A); (2) demonstrate that the appeal raises a substantial question of law or fact likely to result in, inter alia, reversal or an order for a new trial, id. § 3143(b)(1)(B); and (3) "clearly show[ ] that there are exceptional reasons why [his] detention would not be appropriate," id. § 3145(c). The district court found that defendant posed no risk of flight. While no explicit finding was made as to dangerousness, the fact that defendant was released pending sentence necessarily entailed a finding that he was not likely to pose a danger. See id. § 3143(a). The court further found, however, that defendant had failed to raise a "substantial" question on appeal and also had failed to demonstrate "exceptional reasons" why detention would be inappropriate. Either finding, if supportable, would suffice to justify the denial of bail here.
 
 
 7
 Defendant, relying on United States v. DiSomma, 951 F.2d 494 (2d Cir. 1991), contends that the exception to mandatory detention should apply. In DiSomma, the court affirmed a ruling that "exceptional reasons" existed where the defendant was challenging on appeal the factual sufficiency of the very issue that subjected him to mandatory detention-whether he committed a crime of violence. Defendant here has likewise advanced a challenge to the sufficiency of the evidence underlying his convictions. Yet this case is distinguishable from DiSomma on at least two grounds. There, the district court found (and the appellate court agreed) that the sufficiency-of-the-evidence issue was a "substantial" one; here, the district court has concluded it is not. And there, the district court found that "exceptional reasons" existed; here, it has found them to be absent. These distinctions prove dispositive.
 
 
 8
 We agree with the lower court that defendant's challenge to the sufficiency of the evidence falls short of presenting a "substantial" question-i.e., one that is close or could very well be decided the other way. See, e.g., United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985). In fact, it would be difficult at this juncture to reach any other conclusion. We are obligated to decide bail motions promptly, on the basis of "such papers, affidavits, and portions of the record as the parties shall present." Fed. R. App. P. 9(b). Here, the parties have outlined some of the key evidence in their memoranda. Yet little can be conclusively gleaned from such synopses. See Bourjaily v. United States, 483 U.S. 171, 178-80 (1987) ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts."). Lacking transcripts, we must of necessity defer in large measure to the district court's evaluation of the sufficiency of the evidence. See, e.g., United States v. Harris, 942 F.2d 1125, 1135 n.7 (7th Cir. 1991) ("Necessarily, a district court's thorough knowledge of the merits of a case puts it in a better position to evaluate petitions for release than our Court, at least until the issues have been fully presented to the Court through briefing and oral argument.").[1] The Second Circuit in DiSomma, emphasizing "the trial judge's close familiarity with the evidence presented," 951 F.2d at 497, deferred to the lower court's finding that the challenge to the factual sufficiency was a "substantial" one. For the same reason, the finding here that such a challenge is not substantial also deserves deference. Based on our review of the parties' factual descriptions, and given the deference due at this stage of an appeal to the trial judge's first-hand evaluation of evidentiary sufficiency, we conclude that no substantial question in this regard has been presented.[2]
 
 
 9
 Even if we were to reach the opposite conclusion, we would be loath to find that the district court abused its discretion in determining that defendant had not clearly shown "exceptional reasons" under § 3145(c) why his detention would be inappropriate. Defendant would read into this exception the requirement that, whenever one who has been convicted of a "crime of violence" (and who is not a risk of flight or danger) has raised a "substantial question" as to the sufficiency of the evidence, release must be ordered. Yet such a rule-which presumably would also apply to those convicted of offenses described in § 3142(f)(1)(B) & (C)-finds no support in the statutory language, and would seem at odds with Congress' purpose in enacting the mandatory-detention provision. Neither the statute nor the legislative history "defines the circumstances which may qualify as exceptional reasons permitting release." DiSomma, 951 F.2d at 497. The few courts to address the matter agree that there must be present "a unique combination of circumstances giving rise to situations that are out of the ordinary." Id.; accord United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam) (reversing finding that defendant's substantial challenge to supplemental jury instruction provided exceptional reason for release; there is "nothing out of the ordinary about the circumstances" here); see also United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam) (§ 3145(c) provides "avenue for exceptional discretionary relief" from mandatory-detention provision). The absence of statutory criteria makes clear, we think, that district courts have wide discretion in deciding whether to invoke this provision-and that a finding of no exceptional reasons should be disturbed on appeal only in compelling circumstances. See DiSomma, 951 F.2d at 497 ("it is not our intention to foreclose district judges from the full exercise of discretion in these matters"). Even if defendant's evidentiary challenge were to be deemed a "substantial" one, we see nothing in the relatively ordinary circumstances here that would call for such a result.
 
 
 10
 The motion for release on bail pending appeal is denied, and the stay of sentence is vacated. The matter is remanded to the district court for designation of a suitable reporting date.
 
 
 
 [1]
 The Harris court, having earlier denied bail pending appeal, reversed the convictions of the two defendants due to lack of evidence. While the court had ordered their release the day after oral argument, the defendants by then had "already served most of the[ir] sentences." 942 F.2d at 1135 n.7. Describing this as "an injustice," the court encouraged counsel "who believe that the Court should have granted a petition for release" to "renew[ ] the petition in their main appellate briefs." Id. We would likewise encourage such anapproach in cases challenging the sufficiency of the evidence
 
 
 [2]
 Defendant has pointed to additional issues on appeal (not involving the sufficiency of the evidence) which he claims to be substantial. These need not be considered, as they provide no basis for invoking the DiSomma rationale, and defendant has offered no basis other than DiSomma for an exceptional-reasons determination