**UNITED STATES of America**

v.

**Bao Deng CHEN, Defendant.**

**No. 02 CR. 1039(SAS).**

United States District Court, S.D. New York.

March 28, 2003.

---

Francisco E. Celedonio, Law Office of Francisco E. Celedonio, New York, New York, for Defendant.

Joon H. Kim, William F. Johnson, Assistant United States Attorneys, United States Attorney's Office, Southern District of New York, New York, New York, for the Government.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

On March 3, 2003, a jury convicted Bao Deng Chen on all counts of a four-count indictment.[1]  Immediately after the ver-

dict, defendant asked that his bail be continued pending sentencing. The Government opposed defendant's request. I denied Defendant's motion and he was immediately remanded. After making that initial ruling, I decided, *sua sponte*, to grant reconsideration based on the written submissions of counsel. These submissions highlighted a continuing confusion regarding the law governing the post-conviction, pre-sentence release of certain defendants.

There is no dispute that section 3143 of Title 18 governs the question of release in the first instance. Some courts, however, have concluded that even if this section mandates a remand, a defendant may still be released pursuant to section 3145 of Title 18. This, admittedly, is the majority view, espoused by all four of the circuit courts to have considered the issue. Other courts, by contrast, have held that section 3145 only speaks to the authority of appellate courts to release a defendant, but does not permit any action by a district court.

■ After reviewing the decisions on both sides of the issue, I am firmly convinced that section 3145 may not be used by district courts to override the bail decision mandated by section 3143. I write now to fully explain the reasons for my decision.[2]

### I. 18 U.S.C. § 3143: "Release or detention of a defendant pending sentence or appeal"

A court's ability to release a defendant is governed by Chapter 207 of Title 18 of the United States Code.[3] The law sets

1. The indictment charged one count each of: conspiracy to commit hostage taking, 18 U.S.C. § 1203; hostage taking, *id.;* conspiracy to commit alien smuggling, *id.* § 371; and alien smuggling, 8 U.S.C. § 1324(a)(2)(B)(ii).

2. Today's opinion supercedes, rather than supplements, my bench ruling of March 3, 2003. This Opinion is the final determination of defendant's motion to continue bail pending sentence.

3. *See* 18 U.S.C. § 3141 *et seq.*

escalating standards for release as a defendant proceeds through the criminal justice system. In particular, the law recognizes three benchmarks for considering release: before trial, after conviction but before sentencing, and after sentencing but during the pendency of an appeal.[4]

For a defendant like Chen, who has been convicted but not yet sentenced, section 3143(a) applies. That section provides:

> **(a) Release or detention pending sentence.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless -
>
> (A) (i) The judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person of the community.

Because Chen was found guilty of hostage taking, an offense potentially punishable by life imprisonment,[5] his was "an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142."[6] Furthermore, the Government has signaled its intention to seek a sentence of imprisonment in this case.

I am thus *required* to order Chen's detention unless I find that a motion for acquittal or for a new trial will be granted.[7] I do not so find. I therefore need not reach the question of whether Chen

---

4. *See* 18 U.S.C. § 3142 (providing for release before trial); *id.* § 3143(a) (providing for release after conviction, but before sentencing); *id.* § 3143(b) (providing for release after sentencing but pending appeal). Some courts have applied both 18 U.S.C. § 3143(a) and (b) where the defendant has not yet been sentenced, but has already filed an appeal. *See, e.g., United States v. DiSomma*, 769 F.Supp. 575, 576 (S.D.N.Y.1991) (*"DiSomma I"*), *aff'd*, 951 F.2d 494 (2d Cir.1991) (*"DiSomma II"*). But by its own terms, section 3143(b) applies only to "a person who has been found guilty of an offense *and sentenced to a term of imprisonment,* and who has filed an appeal or a petition for a writ of certiorari." 18 U.S.C. § 3143(b) (emphasis added).

5. *See* 18 U.S.C. § 1203(a) (prescribing a term of imprisonment for hostage taking of "any term of years or for life").

6. Those offenses include: (1) crimes of violence, (2) crimes punishable by life imprisonment or death, and (3) drug crimes punishable by imprisonment of ten years or more. *See id.* § 3142(f)(1)(A)-(C).

7. *See id.* § 3143(a)(2) ("The judicial officer *shall* order that a person" who does not meet the exceptions found in subparagraphs (A) and (B) "be detained") (emphasis added).

poses a flight risk or a danger to the community; the defendant must be remanded to custody.

## II. 18 U.S.C. § 3145: "Review and appeal of a release or detention order"

Defendant, however, argues that he should be released pursuant to 18 U.S.C. § 3145. Defendant relies principally on section 3145(c), relating to "Appeal from a release or detention order":

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Thus, under section 3145(c), a defendant (like Chen) who is "subject to detention pursuant to section 3143(a)(2)," may be released if he poses neither risk of flight nor threat to the community (the conditions of release set forth in section 3143(a)(1)) *and* there are "exceptional reasons" why his release is appropriate. *See United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir.1997). But as the text of the statute makes plain, section 3145(c) is not available absent "an appeal from a release or detention order."

The majority of courts—including every court of appeals—that have considered the question have concluded that section 3145(c) allows district courts to release a defendant.[8] A number of district courts, albeit a distinct minority, have held otherwise—that section 3145(c) is only available to the appellate courts.[9] The holdings of the minority courts stand on firmer ground. The courts in the majority have uniformly given the question cursory treatment, foregoing rigorous statutory analysis

**8.** *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (per curiam); *United States v. Herrera–Soto*, 961 F.2d 645, 647 (7th Cir.1992) (per curiam); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir.1992) (per curiam); *see also United States v. Koon*, 6 F.3d 561, 562 & n. 1 (9th Cir.1993) (Rymer, J., concurring in denial of en banc review). In addition to these courts, two other circuit courts have accepted, without discussion, a district court's application of section 3145(c). *See DiSomma II*, 951 F.2d 494; *United States v. Mostrom*, 11 F.3d 93, 94–95 (8th Cir.1993) (per curiam).

Several courts have read *DiSomma II*, by its citation to *Carr*, as resolving the question in the Second Circuit. *See, e.g., United States v. Bloomer*, 791 F.Supp. 100, 102 (D.Vt.1992). But the *DiSomma II* court did not directly address today's question, nor is there any indication that the question was put to that court and thus answered *sub silentio*. Rather, because an appellate court reviews an order of detention or release *de novo*, it is likely that the court was not concerned with

the scope of the district court's authority to find "exceptional reasons."

**9.** *See In re Sealed Case*, 242 F.Supp.2d 489 (E.D.Mich. 2003) (Gadola, J.) ("Congress has mandated that the United States Courts of Appeals are the only courts with the jurisdiction to override a § 3143(a)(2) mandatory detention and order the release of a defendant because of exceptional reasons, pursuant to § 3145(c)."); *United States v. Nesser*, 937 F.Supp. 507, 509 (W.D.Pa.1996) (Cindrich, J.) ("we will not consider Nesser's 'exceptional reasons' argument for bail ..., finding that Congress reserved this task for the court of appeals."); *United States v. Salome*, 870 F.Supp. 648, 652 (W.D.Pa.1994) (Diamond, J.) ("the jurisdiction established by § 3145 is appellate jurisdiction"). *Cf. Bloomer*, 791 F.Supp. at 102 (Billings, J.) ("we think that § 3145(c) by its very provisions applies exclusively to reviewing courts and not to courts which initially ordered release or detention").

in favor of reliance on *stare decisis.*[10] Basic principles of statutory construction compel the conclusion that section 3145(c) is not available to district or magistrate[11] judges.

## A.

The structure, language, and placement of section 3145(c) all favor the view that a district court is not invested with the power to reach "exceptional reasons." Section 3145 has three subsections. Subsection (a) governs a district court's "review" of an order of *release* entered by "a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense *and* other than a Federal appellate court." 18 U.S.C. § 3145(a) (emphasis added). Subsection (b) is the analogous provision providing for review of an order of *detention. See id.* § 3145(b).

Finally, subsection (c) governs an "appeal from a release or detention order, or from a decision denying revocation or amendment of such an order." *Id.* § 3145(c). The title of the subsection ("appeal from a release or detention order") and the use of the word "appeal" in place of "review" weigh heavily in favor of reading section 3145(c) to apply only to appellate courts.[12] The meaning of "appeal" is clear: "to seek review (from a lower court's decision) *by a higher court.*" Black's Law Dictionary (7th ed.1999) (emphasis added). By definition, a court cannot hear an appeal from its own order.[13]

Section 3145(c) therefore governs appellate review of either: (i) a district court's initial release or detention order made pursuant to section 3143, or (ii) a district court's order, made pursuant to section 3145(a) or (b), reviewing another court's release or detention order.[14] Such appellate review is governed by 28 U.S.C. § 1291[15] and 18 U.S.C. § 3731,[16]

---

**10.** What's worse, much of the prior precedent is traceable to opinions that never even considered the issue at hand, causing at least one court to muse that "[t]his circle of decisions, however well-intentioned, reflects a certain circularity of reasoning...." *Bloomer,* 791 F.Supp. at 102 n. 1.

**11.** *See United States v. Carretero,* No. 98 Cr. 418, 1999 WL 1034508, at *4 (N.D.N.Y. Nov.4, 1999) (Sharpe, M.J.) (holding that the "exceptional reasons" provision of section 3145(c) is available to magistrate judges).

**12.** *See INS v. National Ctr. for Immigrants' Rights, Inc.,* 502 U.S. 183, 189, 112 S.Ct. 551, 116 L.Ed.2d 546 (1991) ("[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text."); *United States v. Fisher,* 6 U.S. (2 Cranch) 358, 386, 2 L.Ed. 304 (1805) (Marshall, C.J.) ("Where the mind labours to discover the design of the legislature, it seizes every thing from which aid can be derived; and in such case the title claims a degree of notice, and will have its due share of consideration.").

**13.** *See* Oxford English Dictionary (2003) (defining appeal as "[t]o call to a *higher* judge or tribunal for deliverance from the adverse decision of a *lower;* to remove a case formally from an *inferior* to a *higher* court.") (emphasis added).

**14.** *See United States v. Salerno,* 481 U.S. 739, 759, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (Rehnquist, C.J.) (referring to section 3145(c) as the Bail Reform Act's "review provisions ... provid[ing] for immediate appellate review of [a] detention decision").

**15.** That section governs the jurisdiction of the courts of appeals generally, and provides in pertinent part:

> The court of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court. 28 U.S.C. § 1291.

**16.** That section governs appeals by the United States, and states in pertinent part:

> An appeal by the United States *shall lie to a court of appeals* from a decision or order,

both of which relate *solely* to review of a final order of a district court by a court of appeals. After specifying that an appeal from a release or detention order is governed by these two statutes, the "exceptional reasons" provision immediately follows. As one court succinctly stated, applying basic principles of logic:

> Since Congress provided that an "appeal" from a release or detention order "is governed by" these statutes [28 U.S.C. § 1291 and 18 U.S.C. § 3731], we find this an unmistakable indication that such an appeal is appropriately taken to the court of appeals. The first sentence of section 3145(c) otherwise makes no sense; it is not logical to construe the first sentence as giving the district courts power to hear appeals (from themselves, no less) pursuant to two statutes whose purpose is to establish the scope of jurisdiction for courts of appeals.

*Nesser*, 937 F.Supp. at 509.

█ Not only is Congress' choice of words important, so too is its decision as to where to place those words.[17] If Congress had intended the "exceptional reasons" provision of section 3145(c) to be an available alternative to mandatory detention under section 3143(a)(2) and (b)(2), it is surely misplaced in a section governing appellate review. Had Congress simply added the "exceptional reasons" language to section 3143, there would be no question as to its availability to district courts.[18] The placement of the "exceptional reasons" provision is especially telling in light of the fact that it was adopted at the same time as the mandatory detention amendments to section 3143.[19] Why would Congress, primarily concerned with amending section 3143, place the "exceptional reasons" provision in an entirely different section? The only plausible answer is the one supported by the text itself: Congress intended section 3145(c) for the appellate courts alone.[20]

█ If that were not totally clear from the language employed in section 3145(c), Congress made the point again less than six months ago. Recently revised Federal

---

entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

18 U.S.C. § 3731 (emphasis added).

**17.** *See Davis v. Michigan Dep't of Treasury,* 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

**18.** *See Salome,* 870 F.Supp. at 652 ("If the Congress had intended to invest district courts with the discretion to determine whether 'exceptional reasons' existed, this court believes it would have said so in § 3143. The fact that Congress inserted the 'exceptional reasons' language in § 3145(c) indicates that they [sic] intended this discre-

tion to be limited to the judges of the court of appeals.").

**19.** *See* Jonathan S. Rosen, *An Examination of the "Exceptional Reasons" Jurisprudence of the Mandatory Detention Act: Title 18 U.S.C. §§ 3143, 3145(c),* 19 Vt. L.Rev. 19, 22–25 (1994) (detailing history of the 1991 mandatory detention and "exceptional reasons" amendments).

**20.** One possible response to the contention that the "exceptional reasons" provision is intended for appellate courts is that courts of appeals are ill-equipped to make quasi-factual findings, such as the existence of "exceptional reasons." The Federal Rules of Appellate Procedure, however, explicitly authorize the courts of appeals to look at "the papers, *affidavits,* and parts of the record" when reviewing release or detention orders. Fed. R.App. P. 9(a)(2) (emphasis added). The court of appeals is therefore not confined to the factual record below.

Rule of Criminal Procedure 46 ("Release from Custody"), applicable to the district courts, provides:

> **Pending Sentence and Notice of Appeal.** Eligibility for release pending sentence or pending notice of appeal or expiration of the time allowed for filing notice of appeal, shall be in accordance with 18 U.S.C. § 3143.

Fed.R.Crim.P. 46(c) (as amended December 1, 2002). But Federal Rule of Appellate Procedure 9 ("Release in a Criminal Case"), applicable to the courts of appeals, provides:

> **Criteria for Release.** The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c).

Fed. R.App. P. 9(c) (as amended, December 1, 1998). Any ambiguity about the "exceptional reasons" provision created by its placement in section 3145(c) is therefore answered by Congress' clear statement: a district court considering release pending sentence or appeal is to look *only* at section 3143; a court of appeals should look at sections 3143 *and* 3145(c).[21]

**21.** "Despite th[e] delegation of authority [to make rules, via the Rules Enabling Act], Congress maintains an integral, albeit passive, role in implementing any rules drafted by the Court. For example, all such rules are subject to review by Congress; they take effect only after the Supreme Court has presented them to Congress and after Congress has had seven months to review proposed rules or changes." *Jackson v. Stinnett,* 102 F.3d 132, 134 (5th Cir.1996). Thus, a later-enacted rule trumps a prior-enacted statute. *See id.*

**22.** Other courts adopting the *Carr* holding have done so virtually without discussion. The Seventh Circuit's reasoning in *Herrera–Soto,* for example, was confined to two sentences:

> The statute [§ 3145(c)] authorizes a judicial officer, under appropriate conditions, to order release pending appeal. The term "judicial officer" encompasses both lower courts and courts of appeal.

### B.

Notwithstanding the fact that the *Salome* court raised similar arguments almost a decade ago, no court has seen fit to address them. The courts that have held that section 3145(c) is available to district courts almost uniformly cite, without discussion, the Fifth Circuit's decision in *Carr.* In that case—by far the most extensive treatment of the issue by an appellate court[22]—the court resolved the question in one paragraph:

> Section 3145(c) is confusing because it is entitled "appeal from a release or detention order." At the same time, the language of the sentence included in § 3145(c) is direct. It states that "the judicial officer" may order release if certain conditions are met and there are exceptional reasons why detention would be inappropriate. This sentence was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions. *See*

961 F.2d at 647. The Tenth Circuit was even more curt, in reasoning if not in length. Its entire discussion follows:

> This court has never addressed directly the question whether the "exceptional reasons" provision of § 3145(c) applies to requests for release made to the district court. We have affirmed without opinion, however, a case in which the district court considered whether exceptional reasons existed for the defendant's release under § 3145(c) and concluded they did not. All the other circuits that have addressed the issue have ruled that the "exceptional reasons" provision does apply to district courts. We now join those circuits and hold that a district court may consider whether exceptional reasons exist to release a defendant under § 3145(c).

*Jones,* 979 F.2d at 806 (citations omitted).

Crime Control Act of 1990, P.L. No. 101–647, § 902, 104 Stat. 4826, 4827 (1990).

Section 3143(a)(2) and (b)(2) use the term "judicial officer" when referring to the individuals initially ordering such mandatory detention. Furthermore, at least two district courts have applied § 3145(c) in the first instance. *United States v. DiSomma*, 769 F.Supp. 575 (S.D.N.Y.1991); *United States v. Bailey*, 759 F.Supp. 685 (D.Colo.), *aff'd*, 940 F.2d 1539 (10th Cir.1991). We see no reason why Congress would have limited this means of relief to reviewing courts. Thus we conclude that the "exceptional reasons" language of § 3145 may be applied by the judicial officer initially ordering such mandatory detention, despite its inclusion in a section generally covering appeals.

*Carr*, 947 F.2d at 1240. The *Carr* court thus proffered three reasons in support of its holding: (1) that the term "judicial officers" encompasses district courts; (2) that two district courts had already availed themselves of section 3145(c); and (3) that the "exceptional reasons" provision was added to provide an alternative to mandatory detention.

I briefly address each of these reasons in turn. First, although the term "judicial officers" concededly includes district judges,[23] its use in section 3145(c) is narrower for the reasons already discussed. Statutory terms must be read in context, even when they are given explicit definitions.[24] In the context of a provision dealing with appellate review, "judicial officer" must be read to mean only appellate judges.

The second reason is even less persuasive. The notion that an appellate court is somehow bound by the actions of two district courts (from other circuits, no less) is, to say the least, surprising. Doubly so when, as here, neither lower court expressly considered the question for which its decision is cited.[25] Finally, this argument confuses what the law *is* with what other (lower) courts have *taken it to be.*[26]

To the extent that later courts have analyzed the issue, they have picked up on *Carr*'s third argument: that section 3145(c) was intended to provide an alternative to mandatory detention under sections 3143(a)(2) and (b)(2). That argument too is seriously flawed.

Although the *Carr* court correctly noted that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretion-

---

**23.** "[T]he term 'judicial officer' means, *unless otherwise indicated*, any person or court authorized . . . to detain or release a person before trial or sentencing or pending appeal in a court of the United States. . . ." 18 U.S.C. § 3156(a)(1) (emphasis added). The use of the word "indicated," rather than "stated" or "provided" or the like, shows that the scope of the term "judicial officer" may be narrowed implicitly by the structure or terms of the relevant provision.

**24.** *See* Karl N. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are To Be Construed,* 3 Vand. L.Rev. 395, 403–04 (1950).

**25.** *See DiSomma I,* 769 F.Supp. 575; *United States v. Bailey,* 759 F.Supp. 685 (D.Colo.), *aff'd,* 940 F.2d 1539 (10th Cir.1991) (unpublished table decision).

**26.** As a result, the *Carr* court committed the jurisprudential equivalent of the "naturalistic fallacy." *See* G.E. Moore, *Principia Ethica* (1903) (arguing that moral goodness cannot be described by reference to properties possessed by things that are good, as naturalism attempts to, because moral goodness is not definable).

ary relief from those provisions," there is *no* suggestion in the statute or its meager legislative history that this alternative avenue was intended to be available to the district courts. *Carr,* 947 F.2d at 1240.[27] In the absence of such an indication, the *Carr* court stated: "We see no reason why Congress would have limited this means of relief to reviewing courts." *Id.*[28] This rhetorical flourish cannot defeat the plain language of section 3145(c), which demonstrates that it applies only to appellate courts.

Moreover, there is at least one plausible explanation for reserving the "exceptional reasons" alternative to reviewing courts. While Congress may have sought to display a "get tough" demeanor by adding the mandatory detention provisions to section 3143,[29] it nonetheless wanted to provide an escape clause, but only to a reviewing court based on a "cold" record. Congress might reasonably have worried that district courts, facing a defendant and his family in the courtroom, would stretch the "exceptional reasons" language to release defendants worthy of sympathy, but in no way exceptional. *See, e.g., United States v. Charger,* 918 F.Supp. 301, 303–04 (D.S.D.1996) (finding "exceptional reasons" because defendant's family, rather than prison, would be the best environment to aid in defendant's rehabilitation prior to sentencing); *United States v. Basque,* Cr. No. 92–169, 1996 WL 50979, at *1 (D.Or. Jan.18, 1996) (finding "exceptional reasons" because defendants were "young enough that there is ample time for them to serve their sentences, if any, after the merits of their appeals have been resolved"); *United States v. Cantrell,* 888 F.Supp. 1055, 1057–58 (D.Nev. 1995) (finding "exceptional reasons" because defendant "ha[d] been participating in a substance abuse program, and he would benefit more from outpatient treatment at this time than from incarceration").[30]

---

**27.** The "exceptional reasons" amendment to section 3145(c) was apparently first proposed in a letter from Carol Crawford, an Assistant Attorney General in the Justice Department's Office of Legislative and Intergovernmental Affairs, to Senator Paul Simon, the sponsor of the amendment to section 3143. "Assistant Attorney General Crawford's letter to Senator Simon appears to be the only legislative history of the 'exceptional reasons' provision." *Koon,* 6 F.3d at 567. That letter, however, does not address the question at hand; it only helps give content to the term "exceptional reasons." *See DiSomma I,* 769 F.Supp. at 577 (quoting the Crawford letter at length).

**28.** This statement can't help but remind one of a famous verse, learned by every school child.

[Ours]'s not to wonder why
[Ours]'s but to do and die
Alfred Lord Tennyson, *The Charge of the Light Brigade* (1864).

**29.** *See* Rosen, *supra* note 19, at 22–23 (quoting Sen. Paul Simon as saying "[t]here is simply no reason that an individual convicted of a violent crime or serious drug trafficking offense should be back on the street ... [m]y bill prevents these defendants from reentering the community where they pose a danger and can commit further offenses and is especially important in protecting the victims of these serious crimes ... [u]nlike the pretrial detention setting in which the presumption of innocense creates a need for flexibility in setting bail, there is little need for judicial discretion to release those who have been found guilty.").

**30.** I, too, might have wished to stretch the meaning of "exceptional reasons" here for similar reasons. The defendant is married and the father of a very young child. He has a job and works hard at it. Finally, he does not appear to present a risk of flight or a danger to the community. Indeed, if I were deciding on release versus detention without the benefit of statutory guidance, I would no doubt have concluded that he was a perfect candidate for post-conviction, pre-sentence release. But I cannot decide this issue as if there is no controlling law. There is, and I am bound by the rule of law. For the reasons

## III. CONCLUSION

Although a number of appellate courts have concluded otherwise, a review of the text and structure of section 3145 compels the conclusion that a district court may not consider "exceptional reasons" as a basis for release. That being so, and because the defendant cannot be released under section 3143(a), Bao Deng Chen is remanded to the custody of the Bureau of Prisons.[31] Defendant's sentencing is scheduled for June 19, 2003, in courtroom 12C.

---

noted at the March 3, 2003, hearing, Bao Deng Chen has presented no exceptional reasons. *See also United States v. Green,* No. 02 Cr. 00516, 2003 WL 1089518, at *4 (E.D.Mo. Mar.12, 2003) (rejecting defendant's argument that "exceptional reasons" existed by virtue of his family's reliance on his employment); *United States v. Perez,* No. 97 Cr. 48, 1998 WL 386484, at *1 (D.Conn. June 10, 1998) (rejecting defendant's argument that "exceptional reasons" existed by virtue of "his learning disability, his mental condition and his need for treatment, the potential custody issues involving his children, and his employment record").

**31.** Any appeal of this order runs from the date it is entered on the criminal docket. *See* Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed ...."); *id.* 4(b)(6) (defining "entry").