UNITED STATES of America,

v.

Antonio CORREIA, Sr., Defendant.

Criminal No. 2013–10242–RGS–01.

United States District Court,
D. Massachusetts.

Signed May 6, 2014.

Michael J. Crowley, U.S. Attorney's Office, Boston, MA, for United States of America.

William A. Korman, Rudolph Friedmann, LLC, Boston, MA, for Defendant.

## *OPINION*

COLLINGS, United States Magistrate Judge.

Antonio Correia, Sr. ("Correia") seeks release pending sentencing. He has been detained since his arrest in this case on August 8, 2013. On April 14, 2014, he pled guilty to four counts of a Superseding Information. The pertinent guilty plea for present purposes is the plea to a charge of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951. Sentencing is set for August 20, 2014. A hearing was held on his release petition before me on May 2, 2014.

The matter of release pending sentencing is governed by 18 U.S.C. § 3143(a)(2) [1] which reads as follows:

the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a

danger to any other person or the community.

Correia's case falls within part (a)(2) of the statute. Conspiracy to interfere with commerce by robbery is a "crime of violence" as that term is used in 18 U.S.C. § 3142(f)(1)(A) and as that phrase is defined in 18 U.S.C. § 3156(a)(4)(B), *viz.*, an "... offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Manifestly, subpart (A)(i) is inapplicable since Correia has pled guilty and the guilty plea has been accepted by the Court. There is no likelihood of an acquittal or a new trial. As to subpart (A)(ii), the crime carries a minimum mandatory prison sentence, so the attorney for the Government is not going to recommend that no sentence of imprisonment be imposed. Subpart (B) is therefore inapplicable since Correia has to meet the requirements of both subpart (A)(i) or (ii) and part (B) to be released.

That should end the matter and mandate that the Court detain Correia. However, a number of courts, including some circuit courts, have ruled that 18 U.S.C. § 3145(c), which authorizes an ***appellate*** court to grant release "... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" permits a district court to do so when ruling on motion for release pursuant to 18 U.S.C. § 3143. *See United States v. Garcia*, 340 F.3d 1013, 1014 (9 Cir., 2003) (citing cases). In my opinion, the plain reading of the statute does not confer on a district court the

---

1. At the May 2nd hearing, Correia's counsel seemed to suggest that the section is not applicable because Correia was not "found guilty" by a jury or court but rather pled guilty. However, he could cite no case law supporting his position, and it appears to have been rejected. *United States v. McGrann*, 927 F.Supp.2d 279, 281 (E.D.Va., 2013) (citing *United States v. Moffitt*, 527 F.Supp.2d 474, 478 (W.D.N.C., 2006)).

power to consider exceptional circumstances. I find absolutely compelling Judge Scheindlin's opinion in *United States v. Chen*, 257 F.Supp.2d 656 (S.D.N.Y., 2003) and agree with her conclusion that "... a review of the text and structure of section 3145 compels the conclusion that a district court may not consider 'exceptional circumstances' as a basis for release." *Chen*, 257 F.Supp.2d at 665. Only a court of appeals may do so.

The First Circuit, in an unpublished opinion over twenty years ago, assumed without analysis that a district court could apply the "exceptional reasons" provision of 18 U.S.C. § 3145(c). *United States v. Weiner*, 972 F.2d 337 (Table), 1992 WL 180697, at *1 (1 Cir., July 31, 1992). In the opinion, there was no discussion of the statutory issues which were later dealt with in the *Chen* opinion. Moreover, the opinion in *Weiner* is ***not*** "binding precedent." L.R. 32.1.0 (1 Cir.). Nevertheless, district courts in the First Circuit have followed the *Weiner* opinion and considered "exceptional reasons" when disposing of motions for release pursuant to 18 U.S.C. § 3143. *United States v. Bernard*, 2013 WL 145582, at *2 (D.Me., Jan. 14, 2013); *United States v. Oake*, 2012 WL 910263, at *1 (D.Mass., Mar. 15, 2012); *United States v. Farlow*, 824 F.Supp.2d 189, 193 (D.Me., 2011); *United States v. Fournier–Olavarria*, 796 F.Supp.2d 285, 289 (D.P.R., 2011); *United States v. Cameron*, 756 F.Supp.2d 148, 151 (D.Me., 2010); *United States v. Kenney*, 2009 WL 5217031, at *1 (D.Me., Dec. 30, 2009). All of these opinions followed the non-binding *Weiner* precedent without added analysis, and interestingly, in all but the *Kenney* case, the courts found that the defendants in the cases failed to demonstrate "exceptional reasons." From all that appears, none of the cases were appealed to the First Circuit.

In my view, the result in the *Chen* case is correct, and the analysis which supports the result is persuasive. I hold to this view even in the face of contrary law from the Eleventh Circuit, i.e., *United States v. Meister*, 744 F.3d 1236, 1239 (11 Cir., 2013). Accordingly, the Court rules that, in accordance with 18 U.S.C. § 3143(a)(2), it has no power to release Correia pending his sentencing.

■ Notwithstanding this ruling, the Court further finds that even if a district court did have the power to release Correia on a showing of "exceptional reasons," none have been shown in this case. At an April 3rd hearing, Correia's counsel indicated that he wanted to be released so he could visit with his grandparents in a non-custodial setting before commencing his sentence. Evidently, his grandparents are in their 70's and one of them is quite ill. However, there is nothing to indicate that the grandparents are not able to visit the defendant at present at the Essex County House of Correction which is where Correia's counsel indicated he is being held.

■ In short, these are not "exceptional reasons" justifying release. "Exceptional reasons" must be "... a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2 Cir., 1991) (quoted by the First Circuit in *Weiner*, 1992 WL 180697, at *3). "[C]ircumstances which are 'purely personal' do not typically rise to the level of 'exceptional' warranting release pending sentencing pursuant to § 3145(c)." *United States v. Lippold*, 175 F.Supp.2d 537, 540 (S.D.N.Y., 2001) (citation omitted) (quotation cited by the District of Maine in *Kenney*, 2009 WL 5217031, at *2). It is rather common for defendants to have grandparents of advancing years, some of whom may be ill, with whom they would like to spend time in a non-custodial setting be-

fore sentencing. But these "purely personal" circumstances are not "out of the ordinary."

To reiterate, the Court first rules that it has no power under 18 U.S.C. § 3145(c) to release Correia for the power granted by that statute is limited to appellate courts in conjunction with an appeal. Second, the Court rules that even if § 3145(c) did grant such power to a district court, Correia has failed to demonstrate "exceptional reasons" which would justify his release.

Review of this ruling may be had by filing a motion to revoke the detention order currently in place pursuant to 18 U.S.C. § 3145(b). The motion should be directed to Judge Stearns, the District Judge to whom this case is assigned.