**William T. MAYO, Plaintiff–Appellant,**

v.

**U.S. GOVERNMENT PRINTING OFFICE, an agency of the government of the United States of America, Defendant–Appellee.**

No. 92–16148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1993.

Decided Nov. 29, 1993.

William Mayo, pro se.

Matthew Collette, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: CHOY, CANBY and NOONAN, Circuit Judges.

**OPINION**

NOONAN, Circuit Judge:

William T. Mayo appeals a denial by the district court of a preliminary injunction sought by him against the United States Government Printing Office (the GPO) enjoining the GPO from denying Mayo direct personal access to the GPO's electronic Federal Bulletin Board containing Supreme

Court slip opinions. We affirm the judgment of the district court.

## FACTS

According to Mayo's complaint, he is the systems operator of a public electronic bulletin board service, commonly referred to as The Boundary Line BBS. The Boundary Line specializes in law relating to real estate and carries in electronic format a number of judicial slip opinions. Mayo wants to carry certain real estate-related slip opinions of the United States Supreme Court.

In early 1991, the GPO began to make slip opinions electronically available to all depository libraries, where individuals could access the opinions free of charge. Mayo had difficulty gaining access to the electronic slip opinions at the depository libraries and sought to have the GPO allow him direct electronic access. When the GPO refused Mayo's FOIA requests for direct access, he initiated this suit. The GPO decided in 1992 that the project was not worth continuing and now operates a Federal Bulletin Board from which users can obtain government publications electronically for a fee. Included in the bulletin board are slip opinions of the Supreme Court from the 1991 term to the present.

## PROCEEDINGS

Mayo's first causes of action were stated under the Freedom of Information Act, 5 U.S.C. § 552. He asserts that the GPO is an agency of the United States and so not exempt from requests under this law.

Mayo also brought a common law claim alleging that he had a right to inspect and copy the public records maintained by the GPO.

The district court held that Mayo could not show a reasonable likelihood of success on either claim and denied his request for a preliminary injunction. Mayo appeals.

## ANALYSIS

■ The Freedom of Information Act is a statutory grant of access to governmental records. The extent of the grant depends upon the terms of the Act. The Act explicitly defines the agencies subject to its provisions. The Act declares that "agency ... does not include the Congress," 5 U.S.C. § 551(1)(A). The GPO is a unit of Congress. *McKenzie v. Sawyer*, 684 F.2d 62, 68 (D.C.Cir.1982). Mayo's contention that "Congress" in the statute merely means the two houses of Congress is without support. Just as the Act in excluding "the courts of the United States," 5 U.S.C. § 551(1)(B), excludes not only the courts themselves but the entire judicial branch, so the entire legislative branch has been exempted from the Freedom of Information Act. *Cf. Ethnic Employees of Library of Congress v. Boorstin*, 751 F.2d 1405, 1416 n. 15 (D.C.Cir.1985), citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 145, 100 S.Ct. 960, 966, 63 L.Ed.2d 267 (1980).

■ As for the common law right asserted by Mayo, a citizen has the right "to keep a watchful eye on the workings of public agencies." *Nixon v. Warner Communications*, 435 U.S. 589, 597–598, 98 S.Ct. 1306, 1312–13, 55 L.Ed.2d 570 (1978). That does not mean that a citizen has the right to obtain free of charge in the form he desires public records that are readily available in another form. The slip opinions of the United States Supreme Court are provided to depository libraries throughout the land. There is no common law right to obtain them in electronic form from the GPO.

As neither of Mayo's claims had any chance of success, the preliminary injunction was properly denied.

**AFFIRMED.**