# United States Court of Appeals
## For the First Circuit

No. 02-1583

UNITED STATES OF AMERICA,

Appellee,

v.

RAMIRO L. COLON-MUNOZ,

Defendant, Appellant.

ON EMERGENCY MOTION FOR STAY OF VOLUNTARY SURRENDER

AND FOR BAIL PENDING APPEAL

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

Peter Goldberger on Emergency Motion for Stay of Voluntary Surrender and for Bail Pending Appeal for appellant.
Nelson Perez-Sosa, Assistant United States Attorney, and Jorge E. Vega-Pacheco, Chief, Criminal Division, on Opposition to Appellant's Motion for Stay of Voluntary Surrender and for Bail Pending Appeal for the United States.

May 30, 2002

BOUDIN, <u>Chief Judge</u>.  In December 1996, Ramiro L. Colon-Munoz, was convicted on multiple federal charges relating to events that occurred when he was president of the Ponce Federal Bank in Puerto Rico.  On appeal this court affirmed his convictions for conspiracy, misapplication of bank funds, bank fraud and related counts, 18 U.S.C. §§ 371, 657, 1006, 1344; but because this court ordered a judgment of acquittal on certain other counts, it remanded for resentencing of Colon-Munoz on the affirmed convictions.  <u>United States</u> v. <u>Colon-Munoz</u>, 192 F.3d 210 (1st Cir. 1999), <u>cert. denied</u>, 529 U.S. 1055 (2000).

Following remand, on September 13, 2000, Colon-Munoz filed a motion for a new trial, Fed. R. Crim. P. 33.  The probation office prepared a new addendum to the presentence report, and the parties filed submissions in response.  Thereafter, no action was taken on the new trial motion or the sentencing for over a year and a half.  Accordingly, in early 2002, over five years after his conviction, Colon-Munoz remained free on bail and without a sentence.[1]

On April 8, 2002, the Judicial Council of this circuit issued an order pursuant to 28 U.S.C. § 332(d)(1) (1994).  This order reflected the Judicial Council's concern with the backlog of cases that

---

[1]On February 8, 2002, the original district judge held a hearing on resentencing at which Colon-Munoz argued that an offer of proof in support of his new trial motion also was relevant to sentencing issues.  Supplemental memoranda were filed thereafter and the court indicated that it would reset a date for sentencing "within seven days after the court rules on the pending motion for a new trial."

had developed in the docket of the district judge who had presided over the Colon-Munoz trial and had resumed authority over the case following this court's remand. The Judicial Council's order, which was not concerned in particular with the Colon-Munoz case, adopted several temporary measures to ameliorate the problem. One of these was to provide that a three-judge committee of the district court headed by the chief judge be authorized for a limited period to transfer criminal cases that had been pending before the district judge in question for more than two years, and civil cases pending for more than three years, where the committee determined that this would expedite resolution.

On April 12, 2002, the committee entered an order directing that 24 long-pending criminal cases and a number of long-pending civil cases on the docket of the district judge in question be randomly reassigned to other judges. Among the former group was the Colon-Munoz matter. Shortly thereafter, the Colon-Munoz case was transferred by the district court clerk's office to a new district judge, randomly selected. Colon-Munoz then moved to retransfer the case.

On April 24, 2002, the successor judge denied the motion to retransfer and also denied the new trial motion. In denying the new trial motion, the successor district judge certified, see Fed. R. Crim. P. 25, that he was familiar with the trial record and fixed sentencing for a date in May. The new trial motion was denied in a detailed, 14-page opinion and order dated April 24, 2002, discussing and rejecting

the arguments made in Colon-Munoz's September 1999 new trial motion. Thereafter the successor judge received an amended presentence report and written objections from Colon-Munoz to the amended presentence report. The court also heard oral argument on the defense objections and afforded an opportunity for allocution.

On May 14, 2002, the successor judge resentenced Colon-Munoz, imposing a sentence of 16 months' imprisonment in lieu of the sentence of 21 months that had been imposed following the 1996 convictions. The successor judge also set a reporting date of May 17, 2002, for Colon-Munoz.[2] Colon-Munoz immediately filed a notice of appeal to this court and sought an emergency stay so that he could remain free on bail pending appeal. In this motion, Colon-Munoz said that the issues to be raised on appeal included the denial of the motion for a new trial, the reassignment of the case to the successor judge, and certain guideline issues that had arisen in connection with his resentencing. This court temporarily deferred Colon-Munoz's reporting date to provide time for adequate consideration of the emergency motion, which we now deny.

Under the Bail Reform Act of 1984, there is no presumption in favor of release pending appeal; on the contrary, even when the conviction does not involve a crime of violence or drug offense,

---

[2]The successor judge denied bail on appeal after determining that none of the issues which defendant sought to raise on appeal were substantial questions likely to lead to a new trial or a reduced term of imprisonment.

detention (following conviction and sentencing) is mandatory unless the judicial officer finds inter alia "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" a reversal, new trial, or reduced term of imprisonment that would expire during the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1) (1994).

The "likely to result" standard is applied flexibly--a question that can be regarded as "close" will often suffice, United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)--but we conclude that, on the basis of argument so far, none of the issues identified by Colon-Munoz meets this standard. We start with the reassignment issue; Colon-Munoz' main arguments are directed to claims that the reassignment of his own case by the committee, and the actions of the successor judge, did not comply with Rule 25 of the Federal Rules of Criminal Procedure.

As background, we note that by statute, each Judicial Council, composed of both circuit and district judges, has broad authority to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit." 28 U.S.C. 332(d) (1994). One of the intended purposes was to address judicial delay; and an order of the Judicial Council reassigning cases or providing an impartial mechanism for doing so falls within the broad mandate of section 332(d), at least so long as

the order is directed to administrative concerns and is not based upon the merits of the case.[3]

In his motion, Colon-Munoz has not challenged the Judicial Council's general authority to order reassignment; instead, his claims turn upon subsequent events in relation to Rule 25. Dealing with reassignment of criminal cases after the guilty verdict--a different provision deals with reassignment during trial--Rule 25(b) provides as follows:

> (b) AFTER VERDICT OR FINDING OF GUILT. If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if that judge is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial.

_____

[3]See Chandler v. Judicial Council of the Tenth Circuit, 398 U.S. 74, 98-102 & n.7 (1970) (Harlan, J., concurring) (addressing legislative history of section 332); In re McBryde, 117 F.3d 208, 227-29 (5th Cir. 1997) (noting that "judicial council rules promulgated to alleviate judicial delay" have been upheld and that a judicial council has authority to "reassign cases for administrative reasons"); cf. McBryde v. Committee to Review Council Conduct & Disability Orders of the Judicial Conference of the United States, 83 F. Supp. 2d 135, 139, 164-65 (D.D.C. 1999), vacated in pertinent part as moot, 254 F.3d 52 (D.C. Cir. 2001); Vickers Assocs., Ltd. v. Urice, 151 F.3d 93, 101-03 (3d Cir. 1998); Truesdale v. Moore, 142 F.3d 749, 760 (4th Cir. 1998). See generally Report of the National Commission on Judicial Discipline & Removal 14-17 (1993); Geyh, Informal Methods of Judicial Discipline, 142 U. Pa. L. Rev. 243, 264-65 (1993).

At the outset, the stay motion contends (without elaboration) that the reassignment in this case cannot meet the "by reason of" requirement; but that claim is plainly mistaken. A judge who has been removed from a case could well be described as "absent" or under a "disability" but, in any event, the "by reason of" phrase taken as a whole is surely meant to encompass--or at least not to preclude--any legitimate reason why a district judge cannot continue in the case. See United States v. Diaz, 189 F.3d 1239, 1244-45 (10th Cir. 1999), cert. denied, 529 U.S. 1031 (2000).

This court, by necessary implication, has already assumed this to be so. "Recusal" is not expressly listed in the sequence ("absence, death, sickness or other disability"), but surely a judge who had to recuse himself or herself after trial and before sentencing (an unlikely but perfectly possible event) could be replaced under or consistent with Rule 25(b). We had just such a case, United States v. Snyder, 235 F.3d 42 (1st Cir. 2000), cert. denied, 532 U.S. 1057 (2001), and sustained the new sentence against various attacks. This Rule 25 issue may technically be open in this circuit but we do not think it is substantial.

Next, the stay motion intimates that Colon-Munoz may challenge the district judge's denial of the motion to retransfer the case; but even assuming that the district judge had authority to retransfer the case--which might well be disputed--it is hard to see

-8-

how the failure to do so in the present circumstances could be described as an "abuse of discretion." United States v. Bourgeois, 950 F.2d 980, 987-88 (5th Cir. 1992). The motion also asserts that the successor district judge was not sufficiently familiar with the record to perform the sentencing, as Rule 25(b) requires; but even though Rule 25(b) does not require an affirmative statement, the district judge flatly stated that he was familiar, and his detailed treatment of the new trial motion and the sentencing objections bears this out. Id.

So far, we have proceeded on the arguendo assumption, which might be debatable, that Colon-Munoz has the right to challenge the process that led to his sentencing before a different judge than the judge who presided at his jury trial. Colon-Munoz is entitled to be sentenced by a competent judge who has become familiar with the case, but beyond this litigants subject to the authority of the district court do not normally have any say as to the particular judge who acts for the court. Reassignment of civil and criminal cases within a district court occurs regularly, for numerous reasons related to administrative convenience or necessity, and a litigant has no vested right to a particular judge. See generally, Sinito v. United States, 750 F.2d 512, 515 (6th Cir. 1984); United States v. Keane, 375 F. Supp. 1201, 1204 (N.D. Ill. 1974).

There remain the guideline claims put forth by Colon-Munoz's motion, which we have carefully considered. Although he is free to

pursue them on this appeal--as well as the Rule 25 or other related claims discussed above--the guideline arguments are routine contentions as to the choice of the guideline manual to be used and the application of particular guideline provisions. None of these claims, at least as so far elaborated, suggests that it is likely to result in reversal or a greatly shortened sentence.

Accordingly, the motion for stay pending appeal is <u>denied</u>. This court's temporary stay entered on May 17, 2002, is <u>vacated</u>. The prior reporting date having passed, the district judge will set a new reporting date. This order is effective immediately.

<u>It is so ordered</u>.