376 F.3d 20
 UNITED STATES, Appellee,
v.
Angel CASAS, Defendant, Appellant.
United States, Appellee,
v.
John Correy, Defendant, Appellant.
United States, Appellee,
v.
Angel Casas, Defendant, Appellant.
United States, Appellee,
v.
Angel Luis Pizarro, Defendant, Appellant.
United States, Appellee,
v.
Ramon Flores-Plaza, Defendant, Appellant.
United States, Appellee,
v.
Raymond Nicolai Cabassa, Defendant, Appellant.
 No. 02-1677.
 No. 02-1716.
 No. 02-1717.
 No. 02-1996.
 No. 02-1997.
 No. 02-2124.
 United States Court of Appeals, First Circuit.
 Decided July 14, 2004.
 
 Appeal from the United States District Court for the District of Puerto Rico, Hector M. Laffitte, J.
 
 
 1
 Luis Chaves Ghigliotty on Motion to Compel for appellant Casas.
 
 
 2
 Donna R. Newman on Motion to Compel for appellant Correy.
 
 
 3
 Mauricio Hernandez Arroyo on Motion to Compel for appellant Pizarro.
 
 
 4
 Rodney S. Dowell and Berman and Dowell on Motion to Compel for appellant Flores-Plaza.
 
 
 5
 Linda George on Motion to Compel for appellant Cabassa.
 
 
 6
 Before BOUDIN, Chief Judge, TORRUELLA and LYNCH, Circuit Judges.
 
 MEMORANDUM AND ORDER
 
 7
 Defendants-appellants Raymond Nicolai Cabassa, John Correy, Angel Luis Pizarro, Angel Casas, and Ramon Flores-Plaza have filed motions to compel production of internal court memoranda written by the district judge who presided over their trial concerning the reassignment of some of her cases, including the underlying case, pursuant to an April 8, 2002 Judicial Council order. Movants became aware of the memoranda after the district judge in question referred to the memoranda in a recent recusal order entered in a co-defendant's case that was retransferred to the judge's docket following a remand from this court in United States v. Casas, 356 F.3d 104 (1st Cir.), cert. denied, ___ U.S. ___, 124 S.Ct. 2405, 158 L.Ed.2d 974, 2004 WL 877983 (2004). They argue that the memoranda are relevant to their challenge on appeal to the transfer of their cases to Chief Judge Laffitte between verdict and sentencing.
 
 
 8
 The circumstances surrounding the transfer of cases is explained in United States v. Colon-Munoz, 292 F.3d 18, 19-20 (1st Cir.2002) (denying stay motion involving challenge to another reassignment pursuant to the same order). For present purposes, it suffices to say that the Judicial Council was concerned with the substantial backlog of cases on the docket of the district judge in question and established a Review Committee authorized to transfer long-pending cases. This court rejected a challenge to a postverdict reassignment by the Committee in United States v. Colon-Munoz, 318 F.3d 348, 354-56 (1st Cir.2003), and, more recently, in Casas, 356 F.3d at 128, upheld the authority of Chief Judge Laffitte to sentence co-defendants in the underlying case who were part of a separate trial group before the same trial judge.
 
 
 9
 Movants, who contend that their cases are distinguishable from that of their co-defendants and should have remained in the hands of the trial judge, make no developed argument as to why they should be provided with the memoranda at issue. In the recusal order, the judge in question describes the memoranda as expressing "strong views" but does not otherwise elaborate on their contents. Movants suggest that the judge's words should be reviewed to determine whether they should be made a part of the record and a part of their arguments on appeal. For the following reasons, we disagree.
 
 
 10
 First, the memoranda are confidential, whether or not they are also privileged.[1] Even if it were within the power of the district judge to waive that confidentiality, the bare reference to the memoranda in the recusal order does not constitute a waiver as to their content. Further, movants have identified no authority entitling them to access. The judicial branch is exempt from the Freedom of Information Act, see Mayo v. U.S. Gov't Printing Office, 9 F.3d 1450, 1451 (9th Cir.1993), and this case does not involve a right of public access to court documents because the memoranda at issue were never filed or otherwise incorporated into the record, cf. Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1232 (1st Cir.1992) (no right of public access involved where discovery materials at issue were in the appellees' hands, not in the Clerk's Office).
 
 
 11
 Second, because the memoranda are not part of the district court record, see Fed. R.App. 10(a) (defining the record to include the original papers and exhibits filed in the district court, transcripts, and a certified copy of the docket entries), they could not properly be relied upon in seeking relief on direct appeal. The movants would have us expand the record to include the memoranda. However, although Rule 10(e) provides a vehicle to correct a defective record, this is not a case where a document was "omitted from ... the record by error or accident." Fed. R.App. P. 10(e). Judges are "under no obligation to provide a statement of reasons for recusal," Hampton v. City of Chicago, 643 F.2d 478, 480 n. 7 (7th Cir.1981), and typically do not make any record when, as here, they recuse themselves sua sponte.
 
 
 12
 Finally, even if incorporated into the record, the memoranda could not support relief. As this court explained in Colon-Munoz:
 
 
 13
 A [defendant] is entitled to be sentenced by a competent judge who has become familiar with the case, but beyond this litigants subject to the authority of the district court do not normally have any say as to the particular judge who acts for the court. Reassignment of civil and criminal cases within a district court occurs regularly, for numerous reasons related to administrative convenience or necessity, and a litigant has no vested right to a particular judge.
 
 
 14
 Colon-Munoz, 292 F.3d at 22. The trial judge's views about the reassignment of her cases, whatever their basis, is not relevant to the question whether Chief Judge Laffitte was competent and sufficiently familiar with the instant case to impose sentence.
 
 
 15
 Accordingly, the motions to compel are denied.
 
 
 16
 
 It is so ordered.
 
 
 
 
 Notes:
 
 
 [1]
 Cf. In re Certain Complaints Under Investigation, 783 F.2d 1488, 1520 (11th Cir.) (holding that communications among judges "related to official judicial business" are protected by a qualified privilege), cert. denied, 477 U.S. 904, 106 S.Ct. 3273, 91 L.Ed.2d 563 (1986).