UNITED STATES of America,
Plaintiff,

v.

Ismael ALFONSO–REYES, Vanessa Morales–Hernandez,
Defendants.

Crim. No. 03–124(JAG).

United States District Court,
D. Puerto Rico.

April 10, 2006.

Guillermo A. Gil–Bonar, Lisa Snell–Rivera, United States Attorney's Office, San Juan, PR, for Plaintiffs.

Francisco Rebollo–Casalduc, Francisco Rebollo Casalduc Law Office, Jorge L. Arroyo–Alejandro, Jorge L. Arroyo Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 23rd, 2004, a jury returned guilty verdicts against Ismael Alfonzo–Reyes and Vanessa Morales–Hernandez (collectively, "the defendants") for violations of, *inter alia*, 18 U.S.C. § 1014, which makes it a federal crime "to knowingly make a false statement or report ... for the purpose of influencing in any way the action of the ... Secretary of Agriculture acting through the Farmers Home Administration or successor agency ..." The superseding indictment, on all counts, charged the defendants with "influencing the actions of the Secretary of Agriculture, acting through the Farm Service Agency." (Docket No. 475). The charged acts occurred from on or about September 26th, 1998 up until July, 2000.[1]

On October 18th, 2005, the defendants individually filed motions to vacate the guilty verdicts, arguing that the term "successor agency" was not added to 18 U.S.C. § 1014 until October 22nd, 1999, and thus, prior to that date, the statute only envisioned the commission of the crime of false statement to the Secretary of Agriculture acting through the Farmers Home Admin-

---

**1.** The Indictment was filed on April 25th, 2003 (Docket No. 2); the Superseding Indict- ment was filed on April 2nd, 2004. (Docket No. 475).

istration, not the Farm Service Agency. (Dockets No. 910 and 912). In other words, the defendants argued that the indictment charged acts that were innocent when committed.[2]

On January 17th, 2006, the Court issued an Opinion and Order denying the defendants' motions to vacate the guilty verdicts. *U.S. v. Alfonzo–Reyes*, 410 F.Supp.2d 54 (D.P.R.2006), as it found that

> the October 22nd, 1999 amendment to 18 U.S.C. § 1014 was limited to reflect the transfer of Farmers Home Administration's functions to a consolidated Farm Service Agency, and in no way made criminal and punishable any act that was innocent when committed, nor aggravated any crime previously committed, nor inflicted a greater punishment than the law annexed to such crime at the time of its commission, nor altered the legal rules of evidence in order to convict the offenders. *Stogner v. California*, 539 U.S. 607, 612, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003); *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *Blum v. United States*, 212 F.2d 907, 911 (5th Cir.1954).

The Court further underscored that the consolidation of functions "in no way changed the underlying entity's status as a federally affiliated lender, nor placed it outside the jurisdiction of the Secretary of Agriculture." *Id.*, at 56. Hence, the Court ruled that defendants, who were FSA employees, "were aware that their activities were directed toward influencing the Secretary of Agriculture, acting through an institution of the type included in the statute." *Id.*

On January 25th, 2006, defendant Morales–Hernandez filed a motion for bond

pending appeal. (Docket No. 928). The government opposed Morales–Hernandez's motion as premature, indicating that she had "neither been sentenced nor has appealed her conviction." On February 17th, 2006, after judgement and a notice of appeal had been entered, Morales–Hernandez renewed her motion, claiming that she meets all standards for bail pending appeal inasmuch as she poses no flight risk or danger to any individual or the community, and there are substantial questions of law likely to result in reversal, new trial, or a sentence that does not include imprisonment. (Docket No. 935). The alleged substantial questions of law relate to the three issues that she raised on appeal, namely: 1) whether the Court erred in its denial of pre-verdict and post verdict motions for judgments of acquittal regarding the bribery count (Count 20), for insufficiency of evidence; 2) whether the Court erred in its denial of the post-verdict motion to vacate the guilty verdicts under the *ex post facto* clause of the United States Constitution; and 3) whether the Court breached Morales–Hernandez's right to counsel by precluding legal representation by her retained counsel of choice. (Docket No. 928 at 2).

On March 3rd, 2006, defendant Alfonzo–Reyes filed his own motion for bail pending appeal, arguing that he does not pose a flight risk or danger to the community, and that his *ex post facto* argument raises a substantial question of law. (Docket No. 942).

On March 31st, 2006, the Court held oral arguments on the foregoing motions and, upon hearing the parties, took the matter under advisement. (Docket No. 949).

---

**2.** The defendants assert that only counts 20, 22, 59 and 60 are unaffected by this argu-

ment. (Docket No. 912 at 2, FN. 1).

## STANDARD OF REVIEW

### 1. *Bail on Appeal Standard*

■ There is no federal constitutional right to be free pending an appeal. Under the Federal Rules of Criminal Procedure, eligibility for release pending appeal must be in accordance with the applicable federal statute. *See* Fed.R.Crim.P. 46(c)(referring to 18 U.S.C. § 3143). 18 U.S.C. § 3143(b)(1) provides that a judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:

A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under section 3142(b) or (c) of this title; and

B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

■ The "likely to result" standard does not require the Court to conclude that it is likely to be reversed by the Court of Appeals. *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir.1985). Rather, the Court need only find that there is a "close" question "that very well could be decided the other way," and that "the claimed error not be harmless or unprejudicial." *Id.; United States v. Colon–Munoz*, 292 F.3d 18, 20 (1st Cir.2002). The determination of whether a question is "close" or not is to be made on a case-by-case basis. *Id.*

## DISCUSSION

The parties stipulate that the defendants pose no risk of flight or danger to the community, and that the purpose of this filing is not to delay the proceedings. (Transcript, Bail Hearing, March 31st, 2006 at 7). Thus, the only issue before the Court is whether the questions raised on appeal by the defendants are "close," as defined by First Circuit standards. Since both defendants argue that the *ex post facto* claim is a "close" question under 18 U.S.C. § 3143(b)(1)(B), the Court will address that argument first.

■ The Court did not agree with the defendants' argument that prior to October 22nd, 1999, it was legal to submit a false statement to the Secretary of Agriculture, acting through the Farm Service Agency, for the purpose of obtaining a loan. Nonetheless, at this stage of the proceedings, it is not for this Court to become an advocate for its prior rulings. It is enough to conclude that the questions at hand are "close" and, pursuant to the *Bayko* standard, the Court finds that they are.

Of all the First Circuit cases examined, those in which the district court's denial of bail pending appeal was affirmed presented either an attack on the sufficiency of the evidence, or allegations that could be refuted by reference to a specific statute or caselaw. For instance, in *United States v. Colon–Munoz*, 292 F.3d 18, 20 (1st Cir. 2002), the appellate court denied the defendant's request, as it found that his argument that the Judicial Council's reassignment of his case to a new judge after a guilty verdict violated Fed.R.Cri.P. 25, was not a "close" question. The First Circuit ruled that the defendant's argument had already been decided by other circuits against his position, and thus affirmed the district court's denial of bail. *Id.*, at 21 & n. 3 (citing *United States v. Diaz*, 189 F.3d

1239, 1244–45 (10th Cir.1999), as to the Rule 25 issue; and *Chandler v. Judicial Council of the Tenth Circuit*, 398 U.S. 74, 98–102, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970) and *In re McBryde*, 117 F.3d 208, 227–29 (5th Cir.1997), as to the Judicial Council's authority to reassign cases for administrative reasons).

Similarly, in *United States v. Weiner*, 972 F.2d 337, 1992 WL 180697 (1st Cir. July 31, 1992)(table decision), the defendant argued that his appeal challenging the sufficiency of the evidence presented for his conviction posed a close question that merited his release pending appeal. The First Circuit affirmed the district court's denial, stating that "given the deference due at this stage of an appeal to the trial judge's first hand evaluation of evidentiary sufficiency, we conclude that no substantial question in this regard has been presented." *Id.*, at *2. A very similar argument was addressed and denied (with a similar reasoning) in *United States v. Stark*, 974 F.2d 1329, 1992 WL 214445 (1st Cir. September 4, 1992)(table decision).

On the other hand, the First Circuit has granted bail when the appeal sets forth an unsettled material issue of law. In *United States v. Tormos–Vega*, 907 F.2d 215 (1st Cir.1990), the First Circuit allowed the defendant's release pending appeal in light of its granting rehearing *en banc* in *United States v. Martinez–Torres*, a case in which, as in *Tormos–Vega*, the jury that rendered the guilty verdicts was empaneled by a magistrate. The issue in both cases was whether *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), in which the Supreme Court held that magistrate empanelment was improper in a felony trial, could be used as grounds for vacating a defendant's conviction that was entered before *Gomez* was decided, and where an objection to the magistrate empanelment was not raised in the district court.[3] Since the issue was not only unsettled but also material (an affirmative answer would likely require remand for new trial), the *Tormos–Vega* Court deemed it "close" for bail purposes.

Upon careful review of the question at hand, and the arguments of both parties, the Court finds that the present case is more analogous to *Tormos–Vega* than to those in which a close question was not found. This Court's ruling on the defendants' motion to vacate the guilty verdicts was based on its analysis of the *ex post facto* clause, as it has been interpreted since *Calder v. Bull*. In doing so, the Court cited caselaw from various district and circuit courts that have addressed similar situations under the same statute (18 U.S.C. § 1014). Notwithstanding, the defendants' arguments are not entirely unsubstantial, as it is true that the specific

---

**3.** In *United States v. Martinez–Torres*, 912 F.2d 1552 (1st Cir.1990), the defendants were convicted of various drug offenses by a jury that was empaneled by a magistrate-judge. After *Gomez* was decided, the defendants promptly moved for a remand for vacation of their convictions. The First Circuit, nonetheless, affirmed their convictions, *United States v. Lopez–Pena*, 912 F.2d 1536 (1st Cir.1989), and denied the motions to remand, 912 F.2d 1542 (1st Cir.1989). The First Circuit found that although *Gomez* was retroactive as to all cases that were pending on direct review, magistrate empanelment, though now seen to be an error, was not of such consequence as to be plain error, and therefore was not to be considered in the absence of a contemporary objection. That is, the First Circuit read *Gomez* as retroactive as to all cases pending on direct review *and* in which an objection to the magistrate empanelment had been raised in the district court. A petition for *en banc* review was granted and, shortly thereafter, the Court issued an opinion setting aside the jury verdict, vacating the district court's judgment, withdrawing its prior opinion and order, and remanding to the district court for a new trial. Judges Campbell and Selya filed dissenting opinions.

question before the Court—whether it was a § 1014 crime to defraud the Secretary of Agriculture, acting through the Farm Service Agency, before October 22nd, 1999—has not been authoritatively answered by the Supreme Court or a Court of Appeals. If the First Circuit indeed chooses to endorse the defendants' position, such a decision will result in absolution of all the defective counts. The Court further finds that defendants' argument regarding the "spillover prejudice" on the remaining counts is also colorable. Thus, if the *ex post facto* argument is resolved in defendants' favor, the remaining counts are likely to be remanded for a new trial. *See Bayko* at 522.

For the reasons stated above, the Court finds that a close question is present and, accordingly, **GRANTS** the defendants' Motion for Bail Pending Appeal.[4]

IT IS SO ORDERED.

---

4. In light of this holding, the Court need not entertain Morales–Hernandez's two remaining arguments.