

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2006

# Picquin-George v. Warden

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2850

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Picquin-George v. Warden" (2006). *2006 Decisions*. Paper 328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-2**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2850
_____

JOHN T. PICQUIN-GEORGE a/k/a JOHN R. DALEY, JR.

Appellant,

v.

WARDEN, FCI – SCHUYLKILL;
THE HEALTH ADMINISTRATION DEPT.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02181)
District Judge:  Honorable Malcolm Muir

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 5, 2006

Before:  SLOVITER, McKEE and FISHER, Circuit Judges.

(Filed: October 12, 2006 )

_____

OPINION

_____

PER CURIAM

Appellant, John T. Picquin-George a/k/a John R. Daley, Jr. ("Daley"), proceeding *pro se* and *in forma pauperis*, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint. Because this appeal is meritless, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i).

Daley, an inmate at the Federal Correctional Institute at Schuylkill, commenced this Bivens action against the prison's warden and health administration department ("Appellees"). Daley's original complaint sets forth allegations that the prison improperly denied his requests for more comprehensive HIV testing, that the prison denied him sufficient access to the institution's law libraries, that the law library located in the prison's segregation unit maintains an inadequate collection of legal research materials, and that he was retaliated against for requesting employment at the law library.

The Magistrate Judge immediately screened the complaint as required by 28 U.S.C. § 1915A, and concluded, in an order entered November 22, 2005, that Daley had failed to state a claim on which relief may be granted. The order granted Daley leave to amend the complaint, but because his subsequent filings did not meaningfully develop his initial allegations, the Magistrate Judge issued a report and recommendation on January 9, 2006, advising dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Daley timely filed objections to the Magistrate Judge's report on the grounds that he had never consented to referral of his case to a magistrate, that the court did not have the authority to refer his suit to a magistrate, and that, for various other reasons, the report erroneously concluded

2

that Daley had failed to state a claim. In spite of these objections, the District Court adopted the report and recommendation in its entirety and dismissed the case in an order entered February 15, 2006. This appeal followed.[1]

As this Court has granted Daley leave to appeal *in forma pauperis*, his appeal is subject to dismissal if it lacks an arguable basis in law or fact. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989). First, we must consider whether Daley has stated a non-frivolous claim against Appellees for denying his request to undergo more comprehensive HIV testing. Daley has attached to his original complaint a copy of a memorandum he received from the warden, dated September 22, 2005, acknowledging that Daley was given a blood test for the purpose of detecting HIV and stating that his request for semen and urine testing was being denied because "semen and urine are not routinely used in the diagnosis of HIV." Daley alleges that Appellees' failure to administer these additional tests amounts to a violation of his constitutional and statutory rights. Specifically, Daley's original complaint cites to 18 U.S.C. § 4014(a),

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291. We consider Appellant's notice of appeal timely even though it was not filed until May 22, 2006, over three months after entry of the judgment being appealed. Subject to certain exceptions not applicable to this case, a litigant has 150 days to file an appeal of a judgment that is not "set forth on a separate document." FED. R. CIV. P. 58(a)(1), (b)(2)(B); FED. R. APP. P. 4(a)(7)(A)(ii). The District Court did not comply with the separate-document rule because its order language was placed at the end of a seven-page document substantially devoted to recitation of procedural history and legal analysis. See In re Cedant Corp. Securities Litigation, 454 F.3d 235, 241 (3d Cir. 2006) (to qualify as a separate document, an order "must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims").

3

which mandates HIV testing of at-risk federal prisoners sentenced for a term of six months or more, and 18 U.S.C. § 4048(l), which requires the Federal Bureau of Prisons to provide prisoners with medically appropriate HIV and AIDS treatment.  Daley also alleges that denial of his request amounts to a violation of the Eighth and Fourteenth Amendments.

In evaluating these claims, the District Court properly took notice of an online publication issued by the Centers for Disease Control and Prevention stating that the drawing of blood is the "standard screening test" used to determine the presence of HIV and that the accuracy of urine tests is "somewhat less than that of the blood . . . tests." United States Dep't of Health and Human Services, Centers for Disease Control and Prevention, What are the different HIV screening tests available in the U.S.?, at http://www.cdc.gov/hiv/resources/qa/qa8.htm (last visited Oct. 4, 2006).  Thus, since a blood test had already been administered, prison medical personnel did not violate their statutory testing duties by denying Daley's request for urine and semen testing.  It follows that denial of Daley's request does not evidence "deliberate indifference to serious medical needs," Estelle v. Gamble, 429 U.S. 97, 104 (1976), in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.  See Doe v. Wigginton, 21 F.3d 733, 738-39 (6th Cir. 1994).  Finally, we find no basis for Daley's Fourteenth Amendment claim.

4

We next address Daley's allegations that the prison segregation unit's law library does not contain adequate research materials and that he has been denied sufficient time to access the prison's law libraries. Denial of access to a prison law library is actionable as a constitutional violation only insofar as the denial impedes a prisoner's constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Accordingly, a prisoner does not have standing to bring a denial of access suit if he merely alleges that a prison law library is inaccessible or has a deficient collection of legal research materials. See id. at 351. Rather, to gain standing, a prisoner must demonstrate actual injury by alleging that the "shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.; see also Allah v. Seiverling, 229 F.3d 220, 224 n.5 (3d Cir. 2000) (holding that prisoner has standing to bring right of access claim where complaint alleges that lack of access to prison library resulted in inability to file brief in post-conviction appeal). We agree with the District Court that Daley's right of access claims are without merit because he has failed to describe how the alleged inadequacies have impeded his ability to bring or prosecute a claim. See Tourscher v. McCullough, 184 F.3d 236, 242 (3d Cir. 1999) (affirming dismissal of right of access claim because prisoner failed to describe how prison workload prevented him from pursuing his appeal); Reynolds v. Wagner, 128 F.3d 166, 182-83 (3d Cir. 1997) (affirming dismissal of right of access claim because plaintiffs failed to allege actual injury derived from challenged prison policy). We also note that

5

while the original complaint cites various regulatory provisions that require federal prison wardens to ensure prisoners have access to certain minimal library services (i.e., 28 C.F.R. §§ 543.11, 544.100, .101), Daley has failed to set forth comprehensible facts indicating that the warden has not met these requirements.

Finally, we note that the District Court properly dismissed Daley's retaliation claim because he has not alleged that he suffered adverse action as a result of exercising a constitutional right. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Moreover, the retaliation claim fails because he has not alleged that any defendant was personally involved in the wrongdoing. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

For the foregoing reasons, we agree with the District Court that Daley has failed to state a claim on which relief may be granted. We also agree that Daley's objections to the District Court's adoption of the Magistrate Judge's report and recommendation are groundless. Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

6