MEMORANDUM ***
Appellants appeal the district court’s dismissal of Appellants’ suit with prejudice *360 under Fed R. Civ. P. 12(b)(1) and 12(b)(6). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We review de novo a Rule 12(b)(6) dismissal. Terracom v. Valley Nat’l Bank, 49 F.3d 555, 558 (9th Cir.1995). We assume the truth of well-pleaded factual allegations in the complaint, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), but need not assume the truth of opinions, factual and legal conclusions, or arguments, Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir.1996).
1. Where, as here, the purchaser of assets in a corporation assumes control of corporate decisions instead of merely paying others to control funds and business decisions, the federal securities laws are not implicated. See Frederiksen v. Poloway, 637 F.2d 1147, 1153-54 (7th Cir.1981); Allard v. Arthur Andersen & Co., 924 F.Supp. 488, 496-97 (S.D.N.Y.1996). Moreover, the securities laws are not implicated where, as in the transactions at issue here, a transaction is motivated by a commercial rather than an investment purpose. Frederiksen, 637 F.2d at 1152. Finally, the claim is barred by the statute of limitations because Appellants had inquiry notice no later than February 2005, when they filed the Stirling Bridge action. 28 U.S.C. § 1658(b); Betz v. Trainer Wortham & Co., 519 F.3d 863, 874 (9th Cir.2008).
Appellants lacked standing to assert the antitrust claims because they have failed to show that they are either consumers or competitors in the relevant market. Vinci v. Waste Mgmt., Inc., 80 F.3d 1372, 1375 (9th Cir.1996).
Appellants’ purported 42 U.S.C. § 1983 claim against various judicial officials, including state judges and a court administrator, fails because there is no present case or controversy, and thus, no action to enjoin. See Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Moreover, no claim validly lies against the state court administrator for alleged manipulation of the judge selection process, because even if, as Appellants allege, the administrator had assigned judges to Appellants’ case non-randomly, litigants have no right to any particular judge. See United States v. Colon-Munoz, 292 F.3d 18, 22 (1st Cir.2002).
Because Fed.R.Civ.P. 60 permits a party to move for “Relief from a Judgement or Order” entered by the district court to which the motion is made, but does not apply to challenges to state courts’ final judgments, Appellants’ Rule 60 “independent action” fails. See Fed.R.Civ.P. 60(b).
Appellants do not allege that any of the named attorney-defendants had an attorney-client relationship on any matter related to this law suit with any of Appellants, and thus fail to establish the requisite elements for malpractice. See Phillips v. Clancy, 152 Ariz. 415, 733 P.2d 300, 303 (Ariz.App.1986). Further, as opposing counsel for Comerica, the law firm Green-berg Traurig and its attorneys cannot be liable to Appellants for malpractice based on counsel’s litigation conduct. See Linder v. Brown & Herrick, 189 Ariz. 398, 943 P.2d 758, 765 (Ariz.App.1997). In addition, Appellants failed to submit a certification as to whether expert testimony would be required on the pertinent standard of care. See Ariz. Rev.Code § 12-2602(A) et seq.
Appellants’ claims for violation of the Computer Fraud & Abuse Act, the Stored Communications Act, the Uniform Fraudulent Transfer Act, the Uniform Limited Liability Act, and the Deceptive Trade Practices Act contain only highly *361 generalized assertions that do not include the requisite elements (e.g., that Appellees had access to Appellants’ electronic data) for any of the claims, and the allegations provide virtually no factual support.
2. Appellants are using the federal forum to attack the validity of the state court outcome, a tactic prohibited by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); see also Noel v. Hall, 341 F.3d 1148, 1161 (9th Cir.2003).
3. The record shows that the issues raised before the district court were the same that Appellants raised in the state court and bankruptcy litigation. Those proceedings ended with a final judgment on the merits. Moreover, the parties against whom collateral estoppel is sought are the same. Therefore, the district court did not err in holding that collateral estoppel bars Appellants’ claims. See Wilson v. Belleque, 554 F.3d 816, 830 (9th Cir.2009); Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir.2000).
4. For the reasons described above, it is clear that any conceivable further amendments to the complaint would “fail to cure [the] fatally defective allegations,” i.e., they would be futile, see Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540-41 (9th Cir.1989). Accordingly, the district court did not abuse its discretion in denying leave to amend. See United Union of Roofers, Waterproofers & Allied Trades No. 40 v. Ins. Corp. of Am., 919 F.2d 1398, 1399 (9th Cir.1990).
5. Having properly concluded that the federal claims should be dismissed, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state claims. See 28 U.S.C. § 1367(a), (c)(3); McCarthy v. Mayo, 827 F.2d 1310, 1317 (9th Cir.1987) (“It is usually appropriate to dismiss pendent state claims when federal claims are dismissed before trial.”)
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.