**UNITED STATES of America,**
**Plaintiff,**

v.

**Jorge FOURNIER–OLAVARRIA,**
**Defendant.**

Crim. No. 07–290 (PG).

United States District Court,
D. Puerto Rico.

June 6, 2011.

**286**

Myriam Y. Fernandez–Gonzalez, United States Attorneys Office, District of Puerto Rico, San Juan, PR, Jose Capo–Iriarte, United States Attorneys' Office, Hato Rey, PR, for Plaintiff.

## OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

Before the Court stands Jorge Fournier–Olavarria's ("JFO") motion for bail on appeal pursuant to 18 U.S.C.

§ 3143(b)(1)(A) and (B), as well as 18 U.S.C. § 3145(c). (Docket No. 3531). The United States of America has opposed JFO's motion (Docket No. 3534) and JFO has further submitted a reply to the Government's opposition. (Docket No. 3537). For the reasons explained below, the Court **DENIES** JFO's motion for bail on appeal.

## I. Background

JFO was found guilty by a jury of his peers of Counts One and Two submitted in the indictment against JFO and 95 other defendants. (Docket No. 3155). Count One charged a drug trafficking conspiracy in violation of 21 U.S.C. § 841, 846 and 860 and Count Two charged the possession, use and carrying of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Court imposed a sentence of 78 months as to Count One and a consecutive term of imprisonment of 60 months as to Count Two. As a result, JFO presently faces a term of imprisonment of 138 months. (Docket No. 3155).

JFO has been detained since his arrest. At his original bail hearing Magistrate Judge Camille L. Velez–Rive ordered that he be detained pending trial because he was found to be a danger to the community. (Docket No. 199 and 236). In formulating her decision, Magistrate Judge Velez–Rive referred to JFO's prior arrest record for felony charges. (Docket No. 236). Furthermore, JFO was charged with a firearm offense and his role in the drug trafficking conspiracy was to facilitate firearms and ammunition. JFO petitioned that Magistrate Judge Velez–Rive reconsider her decision. Magistrate Judge Velez–Rive ruled that the evidence presented at the second bail hearing did not support a change in her original decision and JFO remained in detention. (Docket

No. 765). JFO then requested a de novo bail hearing. (Docket No. 242, 1030 and 1192). JFO's bail request was again denied in light of JFO's history of arrest for violent crimes and involvement in numerous acts of violence. (Docket No. 1514). It should also be noted that JFO sought further reconsideration of the denial of bail on two additional occasions in which he alleged health issues. On the first of these, Magistrate Judge Velez–Rive found that JFO's health issues were insufficient grounds to grant bail. The second request was also denied. (Docket no. 2175, 2348, 2678 and 2717).

## II. Standard of Review

■ There is no federal constitutional right to be free pending appeal. The standard for bail pending appeal is set forth in the Bail Reform Act. 18 U.S.C. § 3143(b)(1). The Bail Reform Act provides that a judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:

> A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under section 3142(b) or (c) of this title; and
>
> B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Id.* "The likely to result standard does not require the Court to conclude that it is likely to be reversed by the Court of Appeals." *United States v. Alfonso–Reyes,* 427 F.Supp.2d 41, 44 (D.P.R.2006) (citing *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir.1985))(internal citations and quotation marks omitted). Instead the Court need only find that there is a close question that very well could be decided the other way and that the claimed error is not harmless or prejudicial. *Id.* (citing *United States v. Colon–Munoz,* 292 F.3d 18, 20 (1st Cir.2002)). The Court should determine whether or not a question is close on a case-by-case basis. *Id.*

## III. Discussion

### A. Substantial question of law or fact

■ JFO's motion lists eight issues which he argues raise a substantial question of law and fact likely to result in reversal, new trial, and/or acquittal on appeal.

Despite JFO's extensive list of arguments his motion focuses on his claim that he was not accorded his Sixth Amendment right to a public trial. JFO's argument centers around his claim that his family was unable to enter the courtroom during jury impaneling. JFO further claims that his Sixth Amendment right was violated because the Court indicated that it would not allow persons wearing shirts with the message "Danny we support you and back you" inside the courtroom.[1]

JFO mainly cites to *Presley v. Georgia,* —— U.S. ——, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010); *United States v. Agosto–Vega,* 617 F.3d 541 (1st Cir.2010); and *Owens v. United States,* 483 F.3d 48 (1st Cir.2007), in order to support his argument. Although, JFO correctly cites to cases addressing the barring of family members or the public in general from the courtroom, these cases do not adequately track the situation in this case.

---

1. The shirts were worn in apparent reference to co-defendant Danny Guzman Correa.

The Supreme Court of the United States was clear in its holding in *Presley* when it stated that the Sixth Amendment right to a public trial extends to a the jury voir dire process. *Agosto–Vega,* 617 F.3d at 545 (citing *Presley,* 130 S.Ct. at 724). The Supreme Court further stated that although the right to a public trial is not absolute and may give way in certain cases to other rights or interests, "such circumstances will be rare and the balance of interests must be struck with special care." *Id.* (citing *Presley,* 130 S.Ct. at 724). Furthermore, the Supreme Court stated that before a court bars access to any stage of a criminal trial: (1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceedings; and (4) it must make findings adequate to support the closure. *Presley,* 130 S.Ct. at 724 (citing *Waller v. Georgia,* 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)). The First Circuit reached a similar conclusion when it found that "closure may be justified only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest," and held that a court must consider (and reject) alternatives to closure before barring public access. *Agosto–Vega,* 617 F.3d at 545 (citing *Owens v. United States,* 483 F.3d 48, 61–62 (1st Cir.2007)).

In the instant case, the Court barred all individuals wearing shirts bearing messages in support of one of the co-defendants from the courtroom. The Court found that this decision was necessary in order to protect potential jurors from harassment and/or possible intimidation. Furthermore, the decision to bar individuals wearing shirts with message "Danny we support you and back you" was not directed at JFO and did not represent a conscious decision by the Court to exclude his family. In other words, the District Court did not expressly exclude any of JFO's relatives, just those persons with the shirts who were there presumably to show support for a co-defendant of JFO. Additionally, the Court communicated its decision to the defense attorneys who did not express any objection to this decision. Had any or all of the individuals removed the shirts stating "Danny we support you and back you", they would have gained access to the courtroom. As a result, the Court is unable to conclude that JFO had his Sixth Amendment rights violated in a way that presents a substantial question of law or fact likely to result in reversal, new trial, a sentence not including imprisonment, or a reduced sentence. In his reply to the United States' response in opposition, JFO vehemently argues that the United States only addressed one out of the eight arguments presented. Although, JFO's motion does mention eight arguments as to why he understands that he is entitled to bail, he only briefed one of them. As a result, the Court limits its analysis to what was briefed in JFO's motion for bail on appeal. In any event, the Court disagrees with JFO in that any of the eight issues he listed in his motion for bail on appeal present a substantial question of law or fact that is likely to result in reversal, new trial, a sentence not including imprisonment, or a reduced sentence.

In his reply to the united States' response in opposition, JFO vehemently argues that the United States only addressed one out of the eight arguments presented. Although, JFO's motion does mention eight arguments as to why he understands that he is entitled to bail, he only briefed one of them. As a result, the Court limits its analysis as to what was briefed in JFO's motion for bail on appeal.

In any event, the Court disagrees with JFO in that any of the eight issues he listed in his motion for bail on appeal present a substantial question of law or fact that is likely to result in reversal, new trial, a sentence not including imprisonment, or a reduced sentence.

## B. Danger to the Community or Another Person

The language in the Bail Reform Act is clear in that a person who has been found guilty of an offense and sentenced to a term of imprisonment and filed an appeal will be released on bail if the person can show both that he is not likely to flee or pose a danger to the community and that the appeal is likely to result in reversal, new trial, a sentence not including imprisonment or a reduced sentence. 18 U.S.C. § 3143(b)(1). JFO's motion focuses extensively on the questions of law and fact that he understands will result in reversal, new trial, a sentence not including imprisonment, or a reduced sentence. However, his motion does very little to establish by clear and convincing evidence that JFO is not a threat to the community. In light of the multiple bail hearings held before Magistrate Judge Velez–Rive and JFO's prior arrest record, as well as his standing conviction, the Court is unable to conclude that JFO does not likely pose a danger to the safety of another person or the community if released on bail. Therefore, the Court has further cause to deny bail in the instant case.

## C. Exceptional Circumstances

JFO claims that he is entitled to bail due to exceptional circumstances that make his detention inappropriate in light of 18 U.S.C. § 3145(c). The wording of 18 U.S.C. § 3145(c) states: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The First Circuit has acknowledged that neither the statute nor the legislative history defines what exactly constitutes an exceptional reason permitting release. *United States v. Cameron,* 756 F.Supp.2d 148 (D.Me.2010) (citing *United States v. Weiner,* 972 F.2d 337, *2–3 (1st Cir.1992)). The Ninth Circuit has provided a useful, though not exclusive set of factors that should be applied in § 3145(c) context. *Id.* (citing *United States v. Garcia,* 340 F.3d 1013, 1019–21 (9th Cir.2003)). These are: (1) whether the defendant's conduct was aberrational; (2) whether the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society if allowed to remain free on bail; (3) the nature of the violent act itself; (4) the length of the prison sentence; (5) whether prison would impose unusual hardships on a defendant due to illness or injury; (6) the nature of a defendant's arguments on appeal; (7) whether the defendant is exceptionally unlikely to flee or constitute a danger to the community; and (8) whether the defendant was unusually cooperative with the Government. *Id.* The *Garcia* court further noted that the § 3145(c) exception should apply only in unusual circumstances and the general rule that a conviction for a covered offense entails immediate incarceration must remain. *Garcia,* 340 F.3d at 1022.

The Court concludes that these factors strongly militate against JFO. JFO's arrest record shows that he did not lead an exemplary life prior to his offense and reduces the likelihood that he would contribute to society if allowed to be free on bail. Moreover, the nature of his conduct,

the length of his sentence, the lack of hardships that JFO would suffer due to illness or injury, the nature of his argument on appeal, the threat that JFO poses to the community and the fact that JFO was not unusually cooperative with the Government force this Court to conclude that JFO should remain in detention. Even if JFO has brought forth a substantial question on appeal, this does not mean that he is automatically entitled to bail under the exceptional reasons standard. In fact, the balance of factors outlined by the Ninth Circuit suggests otherwise.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** JFO's motion for bail on appeal.

**IT IS SO ORDERED.**