CLD-153                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3793
_____

JOHN PICKERING-GEORGE,
a/k/a
JOHN R. DALEY, JR.,
                                            Appellant

v.

U.S. DISTRICT COURT, MIDDLE DISTRICT OF PENNSYLVANIA;
UNITED STATES AGENCY;
UNITED STATES OFFICIAL COURTS AND JUDICIAL SYSTEM,
Official Capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-00903)
District Judge: Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and
Possible Dismissal for Lack of Jurisdiction
March 14, 2013

Before: RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2013)
_____

OPINION
_____

PER CURIAM

John Pickering-George, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his civil complaint. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order.

Pickering-George filed the underlying complaint in May 2012. In his complaint, which relates to a case filed in the District Court in 2005, Pickering-George claimed violations of the Privacy Act, 5 U.S.C. § 552a, and he sought to recover litigation costs and fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E). Pickering-George named as defendants the District Court for the Middle District of Pennsylvania and United States Courts generally. The Magistrate Judge recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint failed to state a claim upon which relief could be granted. Pickering-George did not timely file objections to the report and recommendation. The District Court adopted the report and recommendation and dismissed the case. Pickering-George timely appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is plenary, and "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Allah v. Seiverling, 229 F.3d 220,

---

[1] Pickering-George's appeal was timely due to application of Rule 58(c)(2) of the Federal Rules of Civil Procedure.

223 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)) (internal quotation marks omitted).

The District Court properly dismissed Pickering-George's claim that Defendants violated the Privacy Act. The Privacy Act, subject to certain exceptions, prohibits agencies from disclosing records contained in a system of records "except pursuant to a written request by, or with the written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). The Privacy Act applies only to agencies and does not apply to United States courts. 5 U.S.C. §§ 552a(a)(1), 552(f)(1), 551(1); see also United States v. Casas, 376 F.3d 20, 22 (1st Cir. 2004). Thus, because Pickering-George did not name an agency as a defendant, he failed to state a claim under the Privacy Act.

The District Court properly dismissed Pickering-George's claim for litigation costs pursuant to the EAJA. The EAJA provides that parties who prevail against the United States in a civil action may recover their fees and expenses from the government, subject to certain limitations. 28 U.S.C. § 2412(d)(1)(A). A litigant seeking to recover costs pursuant to § 2412(d)(1)(A) must, within thirty days after the final judgment, file an application that shows, inter alia, that the applicant is a "prevailing party." 28 U.S.C. § 2412(d)(1)(B). Pickering-George sought to recover costs associated with a civil action initiated in 2005 against the warden and health administration department at Federal Correctional Institute-Schuylkill. The District Court dismissed that complaint and this Court dismissed the resultant appeal as meritless. Picquin-George v. Warden, FCI-Schuylkill, 200 F. App'x 159, 160-61 (2006). Pickering-George filed several motions

3

seeking to reinstate his case or vacate the order dismissing his complaint—all of which were unsuccessful, the last in August 2011. Pickering-George's application to recover costs therefore fails to satisfy the requirements of § 2412(d)(1)(B). Thus, Pickering-George failed to establish a claim for relief under the EAJA.

The District Court properly dismissed Pickering-George's claim for litigation costs under FOIA. Section 552(a)(4)(E) provides that if a litigant "substantially prevails" on a FOIA claim in the district court, the court may award fees and costs. However, FOIA, like the Privacy Act, does not apply to United States courts. 5 U.S.C. §§ 551(1), 552(f)(1). Additionally, as discussed above, Pickering-George did not substantially prevail in his 2005 civil action and cannot claim relief on that basis. Consequently, Pickering-George failed to state a claim under FOIA.

For the foregoing reasons and because no substantial question is presented by this appeal, we will summarily affirm the District Court's order dismissing Pickering-George's complaint. 3d Cir. LAR 27.4; I.O.P. 10.6.